CAROLYN W. PHILLIPS *vs.* EUGENE R. PHILLIPS.

JUNE 1, 1916.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)   Divorce.   Alimony.*

Petitioner filed with her petition for absolute divorce a prayer for alimony. Decision was entered in her favor awarding "such alimony as shall be decreed in decree to be entered." Thereafter a trust agreement was executed between the parties making provision for the future support of petitioner during her life or until her remarriage, containing this provision, "the provision made for the said wife is made and she doth hereby accept the same in satisfaction and bar of any and all claims for allowance or alimony and

of dower to which by the common law or by custom or by statute she might be entitled."

Respondent set over to the trustees the funds named in the agreement and thereupon the trustees proceeded to execute the trust. An interlocutory decree was thereafter entered vacating all decrees for allowance and providing for a temporary allowance to petitioner out of the trust fund, the decree providing "said temporary alimony being in accordance with terms of said trust agreement; the provisions of said trust agreement being in lieu of and in substitution of and in bar of all claims for alimony or dower and the decree for permanent alimony hereafter to be entered to be in accordance with the provisions of said trust agreement." Later, a final decree was entered on the petition for divorce which decree contained no provision as to alimony.

Thereafter petitioner filed her motion for the entry of a decree for alimony.

*Held,* that petitioner was barred by the trust agreement from maintaining any subsequent claim before the court for alimony.

*Held,* further, that respondent was not precluded from raising the bar of the trust agreement because of the language in the interlocutory decree, for at the time of entering such decree no claim for alimony was being urged, but merely that of an allowance *pendente lite.*

(2) *Divorce. Alimony. Final Decree.*

Under Gen. Laws, 1909, cap. 247, § 5, a claim for alimony may be prosecuted after the entry of final decree in a divorce petition, hence a petitioner is not concluded by a final decree which contained no provision for alimony, although the petition for divorce contained such a prayer.

(3) *Divorce. Appeal. Alimony.*

While a decree for divorce cannot be reviewed on appeal, a decree for alimony entered after the entry of a decree for divorce can be so reviewed.

*Quære:*—As to the proceeding where the court in one decision grants the prayer for divorce and also passes upon a claim for alimony.

(4) *Divorce. Alimony. Agreements Between Husband and Wife.*

Under the terms of the statute with reference to the contracts which a married woman may make, a wife is permitted to enter into a contract with the husband with reference to the amount of and method of payment of a sum of money in lieu of alimony. Such agreements are not in their nature void as being contrary to public policy.

(5) *Divorce. Alimony. Contracts for Alimony.*

The court will not recognize or enforce an agreement as to alimony if it appears that such agreement is part of a bargain for facilitating the procurement of a divorce and the court will carefully scrutinize such an agreement and will not enforce it if its provisions are unjust to the wife or if it appears that fraud has been practiced upon her.

DIVORCE. Heard on appeal of petitioner and dismissed.

SWEETLAND, J.  The above entitled cause is before us upon the appeal of the petitioner from the decree of the Superior Court entered upon her motion for alimony.

On June 13, 1914, the petitioner filed in the Superior Court her petition for an absolute divorce from the respondent.  Said petition contained a prayer for the custody of her minor children and for alimony.  Her petition was answered by the respondent.  After hearing before a justice of the Superior Court, said justice on July 6, 1914, rendered his decision in favor of the petitioner granting her amended petition, giving to her the custody of her two minor children, and awarding to her "such alimony as shall be decreed in decree to be entered."  On July 7, 1914, a trust agreement was executed by the respondent, Eugene R. Phillips, as party of the first part, said respondent and Alfred G. Chaffee, Esq., as parties of the second part, and the petitioner, Carolyn W. Phillips, as party of the third part.  This trust agreement is an instrument which appears to have been carefully prepared by the solicitors for the petitioner and respondent; its primary purpose is to make provision for the future support of the petitioner during her life or until her re-marriage.  Among other things said agreement in substance provides that the respondent shall assign, transfer, and set over certain shares of stock, certain bonds and a sum in cash, in all amounting to forty-nine thousand dollars, to the parties of the second part to be held by them as a trust fund upon the uses and trusts named in said agreement; certain of which uses and trusts are that said trustees from the dividends, income and interest of said trust fund shall pay to the petitioner during her lifetime, or until she re-marries, the sum of four thousand dollars annually in equal monthly installments; and if said dividends, income, and interest do not amount to the sum of four thousand dollars, annually, then in addition to said dividends income and interest said trustees shall pay to the petitioner, during her lifetime or until she remarries or until said trust fund shall become exhausted, from the principal of said trust fund a

sum sufficient to make the payments to her amount to four thousand dollars, annually. Said agreement also provides for the disposition of the principal, dividends, income and interest of said trust fund for the benefit of the minor children of the petitioner and respondent in case of the death or remarriage of the petitioner. Said agreement further provides as follows: "16. And it is hereby agreed and declared, that the provision hereinbefore made for the said wife is made, and she doth hereby accept the same, in satisfaction and bar of any and all claims for allowance or alimony in said petition for divorce and in satisfaction and bar of the dower or thirds to which by the common law, or by custom or statute, she might be entitled in or out of the freehold hereditaments of or to which the said husband now is, or may be during the period ending with the entry of final decree in said cause for divorce, be seized or entitled."

It appears from the statement made before us by the solicitor for the respondent, which statement was not questioned by the solicitor for the petitioner, that upon the execution of said agreement the respondent at once assigned, transferred and set over to said trustees the stock, bonds and cash named in said agreement, that said trustees accepted the trusts reposed in them by said agreement and since that time have faithfully executed said trusts. On July 8, 1914, said trust agreement was brought to the attention of the Superior Court and said court entered an interlocutory decree vacating all decrees for allowance to the petitioner theretofore entered in said cause and providing for a temporary allowance to the petitioner out of said trust fund. A part of the language of said interlocutory decree is as follows: "Said temporary alimony being in accordance with terms of said trust agreement; the provisions of said trust agreement being in lieu of and in substitution of and in bar of all the claims for alimony or dower on the part of said petitioner against said respondent or in the estate of said respondent, and the decree for permanent alimony hereafter to be entered herein to be in accordance with the provisions of said trust agreement."

On January 11, 1915, the Superior Court entered a final decree in said cause dissolving the bond of marriage between the petitioner and respondent and awarding to the petitioner the custody of their minor children. Said final decree contained no provision as to alimony. On January 27, 1915, the petitioner filed her motion in the Superior Court for the entry of a decree granting to her alimony out of the estate of the respondent. This motion was heard in the Superior Court before Mr. Justice Brown and was denied. By the order of said justice a decree was entered adjudging that under and by virtue of said trust agreement the respondent had made provision for the petitioner in lieu of and in bar of alimony; that the petitioner had accepted said provision and that said trust agreement is in bar of alimony. From said decree the petitioner has appealed to this court.

The respondent objects to the consideration of this appeal on the ground that the petition for divorce contained a prayer for alimony, and that the final decree entered by the Superior Court on January 11, 1915, dissolving the bond of marriage between the parties and awarding to the petitioner the custody of their minor children, is conclusive as to all matters prayed for in the petition. We do not agree with this contention of the respondent. The prayer for alimony contained in the petition was not pressed before the Superior Court and that court in said final decree made no adjudication upon said prayer. Section 5, Chapter 247, Gen. Laws, 1909, provides for the prosecution of a claim for alimony on proceedings begun after the entry of final decree for divorce; and this court has approved such claims prosecuted after the entry of final decree. *Warren* v. *Warren*, 36 R. I. 167; *Wilford* v. *Wilford*, 38 R. I. 55.

The respondent also asks to have the appeal dismissed on the ground that an appeal is not the proper proceeding by which to bring the decree in question before this court for review. Section 1, Chapter 289, Gen. Laws, 1909, is as follows: "Section 1. All petitions for the enforcement of mechanics' liens, petitions for divorce, and statutory pro-

ceedings so prescribed by statute, shall follow the course of equity so far as the same is applicable." Section 25 of the same chapter provides that "any party aggrieved by a final decree of the Superior Court in any cause in equity or proceeding following the course of equity may, within thirty days after the entry thereof," . . . "appeal to the Supreme Court." In *Fidler* v. *Fidler*, 28 R. I. 102, this court held that the proceeding by appeal as in equity was inapplicable to the final decree of the Superior Court granting a petition for divorce, for the reason that in accordance with our statute "after final decree for divorce from the bond of marriage either party may marry again." In *Thrift* v. *Thrift*, 30 R. I. 357, this court held that a decision upon a petition, for divorce, which decision under the statute must in all cases precede the entry of final decree by at least six months, may be brought to this court for review upon a bill of exceptions. While we have held that the nature of a final decree for divorce makes the "course of equity" with reference to appeals inapplicable thereto, in *Warren* v. *Warren*, 36 R. I. 167, in considering a decree with reference to a claim for alimony, which decree was entered in the Superior Court after the entry of final decree for divorce, we said that an appeal as in equity is an appropriate method of bringing such a decree for alimony to this court for review. In *Wilford* v. *Wilford*, 38 R. I. 55, this court upon appeal considered and set aside the decree of the Superior Court upon a claim for alimony entered after the entry of a final decree for divorce. It thus appears that under the statute and the decisions of this court it is established that a decree for divorce cannot be brought to this court upon appeal, but that a decree upon a claim for alimony entered after the entry of a decree for divorce in the same cause may come here in that manner. The objection of the respondent to the form of this proceeding is overruled. This court has never been called upon to determine what would be the proper appellate proceeding in case the Superior Court in one decision granted the prayer for divorce and also passed upon a claim for alimony contained in the petition.

7

The petitioner contends that the decree appealed from should be reversed for the reason that the Superior Court erred in holding that said trust agreement and the provision for the petitioner contained therein are in bar of the present claim for alimony. We are of the opinion that the construction placed upon said trust agreement by the Superior Court is fully warranted. In the first paragraph of said agreement it is recited that "said respondent has agreed with said Carolyn W. Phillips on the amount of alimony, and upon the provisions for the carrying out of said agreement." The explicit provisions for the payment of the amount of alimony agreed upon, which are contained in the paragraphs following said recital negative the claim that it was the intention of the parties to call upon the court to fix the amount of alimony or to invoke for its payment the orders and processes of the court in the divorce proceeding. The language of the sixteenth paragraph of said agreement, quoted above, must be held to mean what it clearly expresses, *i. e.*, that the petitioner accepted the provision made for her in said agreement "in satisfaction and bar of any and all claims for allowance or alimony in said petition for divorce" and that said provision was made for her by the respondent for that purpose. In said agreement we find no basis for the claim that it was the intention of the parties that after the execution of said agreement by the petitioner she should ask the court to award alimony to her and to provide the manner of its payment. The petitioner lays emphasis upon the following language contained in the interlocutory decree of July 8, 1914; "and the decree for permanent alimony hereafter to be entered herein to be in accordance with the provisions of said trust agreement." Just what the Superior Court intended by this language is not clear in view of the language immediately preceding it in the decree, which declares that the provisions of said trust agreement are "in lieu of and in substitution of and in bar of all the claims for alimony or dower on the part of said petitioner." This interlocutory decree, however, is not before us, save as it is

an expression of approval by the Superior Court of the agreement regarding alimony made by the parties. The question which we are considering is whether, in the decree appealed from, the Superior Court erred in declaring that said trust agreement is in bar of the petitioner's present claim for alimony. It cannot be held that the respondent is precluded from raising that question because of the language of said interlocutory decree, for at the time of entering said interlocutory decree no claim for alimony was being urged before the Superior Court, but merely that of an allowance to the petitioner *pendente lite*. When later, on the petitioner's motion, the matter of an award of alimony was before the Superior Court that court decided the question in accordance with the clearly expressed intention of the parties.

The petitioner further objects to the decree appealed from on the ground that the trust agreement, on the provisions of which said decree is based, is not valid and enforceable. In support of this attack the petitioner has cited to us a number of cases from other jurisdictions, in which certain agreements between parties to divorce proceedings, with reference to the amount of the wife's alimony, have been considered. In some of the older of these cases such agreements have been disregarded, apparently, because of the incapacity of the wife to contract with her husband until the bond of marriage had been dissolved. In a few others such agreements have been held to "open a door for the attainment of divorce by collusion" and hence to be against public policy and void. In most of the cases cited, while the courts recognized the competency of the parties to make such a contract, the particular agreement under consideration has been treated as a nullity, because the provisions contained therein were unjust to the wife or because in the circumstances of the particular case the court found such agreement to be part of a collusive scheme to impose upon the court in which the divorce proceeding was pending.

The broad terms of our statute with reference to the contracts which a married woman may make permit the petitioner to enter into this contract with her husband, and in our opinion agreements of this character are not in their nature void as being contrary to public policy.

Because it is the policy of our law to preserve the marriage relation, and not to grant a divorce upon the agreement of husband and wife, or when it appears that the alleged cause of complaint has been occasioned by the collusion of the parties, the courts will not recognize or enforce an agreement as to alimony if it appears that such agreement is part of a bargain for facilitating the procurement of a divorce. Also because of the nature of divorce proceedings the court will carefully scrutinize such an agreement and will not enforce it if its provisions are unjust to the wife or if it appears that fraud has been practiced upon her. The agreement here in question appears to have been entered into fairly while the interests of the petitioner were guarded by her solicitors. The provision for the petitioner made therein seems to be reasonable in amount. Two justices of the Superior Court considering said agreement at different hearings have each given it their approval. The claim is not made and nothing has been brought to our attention in the case which raises a suspicion that the divorce proceedings were not prosecuted and defended in good faith or that a promise to assist in practicing deception upon the court formed any part of the consideration of said agreement. In our opinion the justice of the Superior Court was warranted in treating said agreement as valid and enforceable.

The decree of the Superior Court appealed from is affirmed, and the cause is remanded to the Superior Court.

*Irving Champlin, James Harris*, for petitioner.

*John J. Filzgerald, James A. Shields*, for respondents.