### CHRISTENSEN *v.* CHRISTENSEN.

1. DIVORCE—ALIMONY—WIFE'S SELF-EFFORTS.
   A wife's self-efforts to earn money do not release husband's obligation to pay permanent alimony under a decree of divorce.

2. SAME—ALIMONY—REMARRIAGE—CHANGE OF CIRCUMSTANCES.
   A husband's remarriage is not such a change of circumstances as to warrant an order by the court staying payment of permanent alimony previously decreed.

3. SAME—CHANGE OF CIRCUMSTANCES—RECORD.
   Under record disclosing husband to be earning $150 a month at time of decree awarding permanent alimony and at time modification of award was sought, he was earning same amount, his second wife was earning $90 a month, and plaintiff, more than he was, no change of circumstances was disclosed relieving him of obligation to pay alimony awarded.

Appeal from Wayne; Smith (Frank Day), J. Submitted June 11, 1940. (Docket No. 101, Calendar No. 41,099.) Decided October 7, 1940.

Divorce proceeding by Amelia M. Christensen against Frank S. Christensen. On defendant's peti-

tion for modification of decree. Petition granted. Plaintiff appeals. Reversed.

*Wm. Henry Gallagher* (*Abraham Satovsky*, of counsel), for plaintiff.

*Edward N. Barnard,* for defendant.

Wiest, J. This is an appeal from an order staying operation of a decree for permanent alimony.

In July, 1937, plaintiff filed a bill for divorce. Defendant was personally served with process but did not enter an appearance. In June, 1938, plaintiff was granted a decree of divorce and defendant was required to pay her, for permanent alimony and in complete settlement of the property interests of the parties, the sum of $10 per week until $2,000 should be paid or until the further order of the court. The decree constituted this in lieu of dower in the property of defendant and in full satisfaction of all claims in any property the defendant owned or might thereafter own. In November, 1938, defendant made a motion to modify and amend the decree and, in February, 1939, by stipulation of the parties, an amended decree was entered requiring defendant to pay plaintiff permanent alimony in the sum of $5 per week after the 1st day of February, 1939, until the full sum of $1,500 should be paid or until the further order of the court, and to pay plaintiff one dollar in lieu of her dower in the property of defendant and in full satisfaction of all claims.

On or about February 10, 1939, defendant remarried. Thereafter he made partial alimony payments and, in November, 1939, plaintiff filed a petition to have him show cause why he should not be punished for contempt of court for failure to comply with the amended decree.

Upon hearing, defendant, on December 19, 1939, was adjudged guilty of contempt, placed on probation, and required to "pay the sum of $25 a pay for the next two pays and thereafter $15 per pay."

Four days before defendant was adjudged guilty of contempt he filed a petition to vacate the alimony provision of the decree, as amended in February, 1939, alleging that circumstances had changed in the following respects:

"(a) He has been very ill and has been unable to earn sufficient amounts to meet his own expenses or to meet the payments required by the said amended decree.

"(b) Defendant has been married and therefore his own personal and family expenses are greater than at the time the decree was entered."

At the time the decree was amended in February, 1939, defendant was employed by the Michigan State Employment Service at $150 per month, and at the time of the stay mentioned, he was employed by the Michigan Unemployment Compensation Commission, earning $150 per month, and his present wife earns $90 per month.

Upon the showing made, the friend of the court reported:

"There appears to be no material change of circumstances since the amended decree was entered.

"It is recommended that the motion be denied."

The circuit judge, however, on January 22, 1940, entered an order staying and holding in abeyance all payments of alimony "until such time as a showing is made to this court of sufficient change in the circumstances of the parties to warrant a change in alimony necessity, as support necessary to plaintiff from defendant."

The court found:

"That the plaintiff is at present and has for some years past had an earning capacity in excess of that of defendant, namely, she earning $2,200 per year and he earning $1,800 per year, and it further appearing that there are no children of said marriage and never were, and it further appearing that the defendant has since remarried and is obligated to support his wife."

Plaintiff's self-efforts do not in any degree afford release of defendant.

Defendant's remarriage was not such a change of circumstances as to warrant the court's order. *Smith* v. *Smith*, 139 Mich. 133; *Kelly* v. *Kelly*, 194 Mich. 94; *Foltz* v. *Foltz*, 281 Mich. 179.

An examination of the record fails to disclose change of circumstances justifying the stay and the same is vacated, with costs to plaintiff.

Bushnell, C. J., and Sharpe, Boyles, Chandler, McAllister, and Butzel, JJ., concurred with Wiest, J.

North, J. (*concurring*). I agree in reversal; and also, as applied to the facts in this case, I agree that: "Plaintiff's self-efforts do not in any degree afford release of defendant." But the quoted statement is not one which can be indiscriminately applied to all applications by divorced husbands to have an order for alimony modified.

Bushnell, C. J., and Sharpe, Boyles, Chandler, McAllister, and Butzel, JJ., concurred with North, J.