HARTER *v*. HARTER.

DIVORCE—ALIMONY—DISCRETION OF COURT—REMARRIAGE—WIFE'S EMPLOYMENT.

Denial of husband's motion to amend decree so as to cancel delinquent alimony and relieve himself of obligation of future payments was not an abuse of discretion where it appears that during interval of nearly eight years husband's financial condition has improved considerably over what it was at time of divorce, his remarriage and wife's recent employment not entitling him to relief sought.

Appeal from Wayne; Jayne (Ira W.), J.    Submitted October 6, 1943.    (Docket No. 36, Calendar No. 42,446.)    Decided November 29, 1943.

Divorce proceedings by Ruth Harter against Ralph Harter.    Decree for plaintiff.    On defendant's motion to amend decree.    Motion denied.    Defendant appeals.    Affirmed.

*Francis Rosenthal,* for plaintiff.

*George K. Williams,* for defendant.

CHANDLER, J.    The parties hereto were married on June 2, 1915, and divorced on October 15, 1935. No children were born.    The decree awarded plaintiff alimony at the rate of $12 per week until the further order of the court.

On April 16, 1943, defendant filed the petition herein to amend the decree, cancel delinquent alimony and relieve himself of the obligation of future payments.    He appeals from an order denying the motion.

The record shows that at the time the decree was entered defendant's total monthly earnings were $300, his monthly expenses $300.50, and that his liabilities exceeded his assets by $703.    Since that time his earnings have remained the same and his expenses have increased slightly.    However, according to his financial statement, his assets now exceed his liabilities by $2,745.95.

The record further shows that defendant has remarried and that plaintiff has recently become employed, earning an average of $54.50 per week; that on June 16, 1942, defendant was placed on probation for failure to make his payments; and that on March 17, 1943, a month prior to the filing of the

motion herein, he was delinquent in payments in the amount of $382.

Briefly summarized, it can be said that defendant's financial position has improved considerably over what it was at the time the divorce was granted. His remarriage was not such a change of circumstances as to call for modification of the decree, and on the record in this case he is not entitled to relief merely because of the recent employment of plaintiff. *Christensen* v. *Christensen,* 295 Mich. 203.

We find no abuse of discretion on the part of the trial court in denying the motion and the order is affirmed, with costs to plaintiff.

BOYLES, C. J., and NORTH, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.