ASHBURN v. ASHBURN.

1. DIVORCE—ALIMONY—SELF-EFFORT OF WIFE.
   The self-effort of a plaintiff wife does not release defendant
   husband from his decreed obligation to pay alimony.

2. SAME—ALIMONY—REMARRIAGE OF HUSBAND.
   Remarriage of divorced husband shortly after expiration of 2-
   year period during which he was forbidden to remarry does
   not constitute such a change of circumstances as justifies
   modification of the decree as to alimony.

3. SAME—ALIMONY—INCREASE IN COST OF LIVING.
   Increase in the cost of living affects plaintiff wife adversely
   as well as defendant husband and would not, under the cir-
   cumstances shown, justify reducing amount of alimony de-
   creed to her.

4. SAME—MODIFICATION OF DECREE—ALIMONY—EARNINGS.
   Modification of decree so as to reduce alimony from $25 per
   week to $17.50 per week on ground that it had become un-
   justly burdensome upon defendant is vacated where his
   earnings appear to be somewhat in excess of his earnings
   at the time the original decree was entered, neither the
   self-help of wife through renting rooms, remarriage of hus-
   band nor increase in the cost of living justifying such mod-
   ification.

5. SAME—REMAND—PETITION FOR CONTEMPT—ALIMONY.
   Suit for divorce is remanded to circuit court with jurisdiction
   to hear and adjudicate any future proceedings, particularly
   plaintiff wife's pending petition for punishing defendant
   husband for contempt for failure to pay alimony.

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 4] 17 Am Jur, Divorce and Separation, § 651.
[2, 4] 17 Am Jur, Divorce and Separation, § 656.
[2, 4] Alimony as affected by remarriage.   30 ALR 79; 64 ALR
    1270; 112 ALR 246.
[5] 3 Am Jur, Appeal and Error, § 1210 et seq.

Appeal from Wayne; Miller (Guy A.), J. Submitted October 4, 1950. (Docket No. 29, Calendar No. 44,892.) Decided January 8, 1951.

Divorce proceedings between Dewane Ashburn and John F. Ashburn. On petitions for modification of decree and order to show cause why defendant should not be punished for contempt of court. Decree amended so as to decrease alimony. Plaintiff appeals. Reversed and remanded for further proceedings on petition for increase and order to show cause.

*Bloom & Bloom,* for plaintiff.

*Rodney Baxter,* for defendant.

NORTH, J. This is an appeal by plaintiff from an amendment to the decree of divorce which she obtained from defendant whereby permanent alimony decreed to her was reduced from $25 per week to $17.50 per week.

After these parties had married and lived together 20 years they separated; and plaintiff in May, 1947, obtained a decree of divorce on the grounds of adultery and extreme cruelty. There were no children. The decree provided defendant should not remarry for 2 years after the date of the decree. Aside from the permanent alimony no other property provision in plaintiff's favor was decreed.

April 5, 1949, defendant was summoned into court to show cause why he should not be adjudged in contempt for default in payment of alimony. On the return day, April 15, 1949, defendant was granted an adjournment to enable him to file a petition for modification of the decree. While the matter was thus pending, defendant remarried on May 27, 1949, 8 days after the expiration of the 2 years

provided in the decree. He filed his petition under oath for modification in January, 1950. Plaintiff promptly answered, denying under oath defendant's right to modification. On reference to the friend of the court each of the parties appeared and made disclosure of relevant facts claimed by them respectively. The friend of the court found and reported that plaintiff's need of the alimony in aid of her support presently existed; that defendant was financially able to comply with the alimony provision in the original decree; that there had been no material change in circumstances justifying modification, and that defendant should be placed on probation with provision for paying arrearages in alimony at the rate of $5 per week. On the record thus made the circuit judge heard the parties and reduced the decreed alimony from $25 per week to $17.50 per week.

In seeking reduction of alimony payments defendant relied on the following alleged changes in conditions: (1) That plaintiff had an income from renting rooms which was sufficient to enable her to support herself; (2) that defendant had remarried and was obligated to support the second wife who had been ill and under a doctor's care; (3) increased cost of living without a comparable increase in defendant's salary; and (4) in consequence of the above noted changes in conditions "the alimony awarded by said decree  *  *  *  has become unduly unfair and burdensome."

We are of the opinion that the order and decree of the circuit judge reducing the alimony cannot be sustained. Defendant's assertion in general terms that plaintiff has income from the rental of rooms sufficient to enable her to support herself is not sustained by any affirmative showing. Further, in *Christensen* v. *Christensen,* 295 Mich 203, we said: "Plaintiff's self-efforts do not in any degree afford release of defendant," under all circumstances from

his decreed obligation to pay alimony.  See, also, *Foltz* v. *Foltz,* 281 Mich 179; *Harter* v. *Harter,* 307 Mich 258.

Defendant's remarriage, especially under the circumstances of this case, is not a justification for modification of the alimony provision.  It has been repeatedly held that remarriage of a divorced man is not such a change of circumstances as justifies modification of a decree for alimony.  See above cited cases; also *Kelly* v. *Kelly,* 194 Mich 94.

As to the increased cost of living urged in his behalf by defendant, it is obvious that this circumstance affects plaintiff adversely in the same way it affects defendant.  *Renn* v. *Renn,* 318 Mich 230. Under the record in the instant case the increased cost of living would not justify reducing the amount of alimony decreed to plaintiff.  Defendant's financial statement submitted to the friend of the court discloses the following.  Defendant is employed by the city of Detroit, department of street railways, as an assistant emergency dispatcher, and has a gross weekly earning of $84.61, with net weekly income of $70.54, which inferentially appears to be somewhat in excess of his earnings at the time the decree was entered.  Defendant also owns property totalling $2,900, consisting of household furniture, a Mercury automobile, and money deposited in bank. His indebtedness consists of 2 doctors' bills totalling only $35.  We think the friend of the court was correct in reporting that plaintiff has the capacity to comply with the provision for payment of alimony embodied in the decree.  In *Smith* v. *Smith,* 139 Mich 133, we quoted with approval from *State, ex rel. Brown,* v. *Brown,* 31 Wash 397, 405 (72 P 86, 62 LRA 974), the following:

" 'If his monthly income after divorce was sufficient to support himself alone and to pay his

divorced wife the alimony allowed, he could not by his subsequent marriage set aside the decree, or be heard to say that the additional burdens which he himself thereby assumed made him unable to comply with the decree. The divorced wife and minor child have a fixed and prior claim upon the earnings of appellant (husband), which appellant for his own comfort may not take away.' "

The modification of the original provision for payment of alimony at the rate of $25 per week decreed by the circuit judge on the ground that it had "become unjustly burdensome upon the defendant" is vacated; and the case is remanded to the circuit court with jurisdiction to hear and adjudicate any future proceedings therein, and particularly for the hearing and disposition of plaintiff's pending petition, and any amendment thereto, seeking to have defendant punished for contempt because of his failure to pay plaintiff alimony in accordance with the terms of the decree. A decree may be entered in this Court accordingly, with costs to appellant.

REID, C. J., and BOYLES, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.