Miner, Respondent, v. Miner, Appellant.

*April 8—May 3, 1960.*

For the appellant there was a brief and oral argument by *Clyde M. Paust* of Milwaukee.

For the respondent there was a brief by *Affeldt & Licht-sinn,* and oral argument by *Karl M. Anderson,* all of Milwaukee.

HALLOWS, J. The defendant contends there are two questions on this appeal: 1. Can a stipulation entered into at the time of the divorce, providing for alimony, be modified by the court when there is a substantial change of circumstances? 2. Did the trial court abuse its discretion in refusing to modify the alimony award because the plaintiff had obtained full-time employment and was self-supporting, and because the defendant had suffered a substantial decline in income?

The plaintiff does not contend that a judgment based upon a stipulation entered into at the time of divorce may not be modified, but argues that such a judgment for divorce should not be changed except for grave reasons, and that the rule applicable to the modification of such judgments should be strictly applied.

When a court in a divorce action awards alimony, it is based upon the circumstances of the parties at the time of the judgment and is normally considered *res adjudicata* as to that situation. To modify the judgment at some subsequent time, it is incumbent upon the one who seeks the modification to show that there is a substantial or material change in the circumstances of the parties which would justify such modification. This is especially true where the judgment incorporates the provisions of an agreement of the parties in reference to alimony. In such a case the substantial or

material change in the circumstances should be such that it would be unjust or inequitable to strictly hold either party to the judgment.

In *Littig v. Littig* (1938), 229 Wis. 430, 282 N. W. 547, the record discloses the judgment of divorce provided for alimony as stipulated by the parties and contained in the findings of fact. This court said (p. 438) :

"While the amount of an allowance for the support and maintenance of a divorced wife is generally a matter resting in the discretion of the court, is variable, revocable, and subject to the continuing authority of the court to change it, ordinarily it should not be changed, especially where the amount thereof has been stipulated, unless there has occurred a substantial change in the premises on which it was originally granted. See *Campbell v. Campbell, supra* [37 Wis. 206] ; *Bacon v. Bacon,* 43 Wis. 197 ; *Ashby v. Ashby,* 174 Wis. 549, 183 N. W. 965."

See also *Bruun v. Bruun* (1958), 5 Wis. (2d) 59, 92 N. W. (2d) 213 ; 2 Nelson, Divorce and Annulment (2d ed.), p. 393 *et seq.,* sec. 17.01 *et seq.*

Parties to a divorce may enter into an agreement dividing the property, providing for alimony, and settling other matters involved. Such agreements are to be encouraged on the theory that the parties can more easily reach a just and acceptable adjustment of their rights than the court, and their views are helpful and an aid to the court in arriving at its determination. However, this may not always be the case. Either or both of the parties may not be motivated by any sense of justice. A divorce is not a business matter or a matter of bargaining. The parties thereto are not the only persons interested. The state has an interest in the divorce and in its consequences. Sec. 247.26, Stats., 28 W. S. A., p. 483. While stipulations for a division of estate, for alimony, or for support of children may be made by the parties in case a divorce be granted or a marriage be annulled, such

stipulation is subject to the approval of the court. Sec. 247.10, Stats., 28 W. S. A., p. 443.

Agreements between parties in divorce actions are made in contemplation that the court must approve such agreements and usually that the provisions of the agreement, with such modifications as the court shall make in the interest of justice, shall be a part of the court's judgment. The court has the same serious duty to examine carefully such agreements or stipulations against the background of full information of the economic status and resources of the parties as it has in making a determination without the aid of such an agreement. The parties should be examined to determine if they understand the provisions and the effect of the agreement, that it was fairly and voluntarily entered into and was not made with any concessions by either party that the suit would be uncontested. There is no such thing in this state as a divorce by consent or agreement. The parties cannot by stipulation proscribe, modify, or oust the court of its power to determine the disposition of property, alimony, support, custody, or other matters involved in a divorce proceeding. When a court follows and adopts an agreement of the parties making it a part of its judgment, the court does so on its own responsibility, and the provisions become its own judgment.

In this case it appears there was a stipulation or consent of the parties in open court which became the adjudication of the court. However, there may be situations in which the parties enter into a formal contract or written agreement outside of court in which they finally settle all their financial rights and duties toward each other in contemplation of the uncertainties of the future. Sec. 247.10, Stats., 28 W. S. A., p. 443, requires only that a contract or stipulation be approved by the court; it does not require the court to provide in its judgment the terms thereof as an adjudication as the court did in *Littig v. Littig, supra.* When the court merely

refers to such an agreement and approves it without making the provisions thereof a part of its judgment, the weight of authority is that such an agreement is not subject to modification by the court even though the circumstances of the parties change. The arrangement is contractual, not a judicial determination, and therefore no more subject to change by the court than the terms of any other private agreement. 2 Nelson, Divorce and Annulment (2d ed.), p. 407, sec. 17.03, and cases therein cited. See also Anno. 58 A. L. R. 639; Anno. 109 A. L. R. 1068. For allied problems involving separation agreements see Tilton, "Separation Agreements," Milwaukee Bar Asso., Gavel, No. 1, Vol. 21, p. 14.

It was this rule the trial court had in mind in refusing to modify the judgment. However, the difficulty is in determining the nature and basis of a particular award. A stipulation or agreement amounting to no more than an understanding of what the parties desire and recommend to the court does not rise to the dignity of a contract. Here the court in its judgment did not clearly let the matter of alimony rest upon the stipulation. The award was not contractual, but by adjudication and subject to modification.

### 1. Cancellation of Alimony Arrearage

The defendant decided for himself not to pay alimony as early as 1952 because the plaintiff was working and, in his estimation, was self-supporting. He did not apply to the court for a reduction or modification of the judgment. The cancellation of alimony arrearage of $2,720 in 1955 is not before us. However, the defendant has allowed alimony of $4,240 to accumulate during a period of almost four years before asking for a modification of the judgment. Illness commencing sometime in 1957, reducing his income, is offered as an additional excuse for nonpayment. This reason does not cover the full period of the arrearage. If the defendant. thought the plaintiff was self-supporting and therefore

he was not required to pay alimony, or if he was unable to make the payments, it was his duty to apply to the court for a modification, and not to decide the questions for himself. There is no showing by the defendant that he does not have funds, or did not have funds, other than current income, to pay the alimony as it accrued. The record shows he paid $3,000, not out of current income, to settle an alienation-of-affections suit, but it is not clear whether the payment was made during the accumulation of the present arrearage or prior thereto.

On the record, the trial court did not abuse its discretion in denying the cancellation of the alimony arrearage. Court orders are to be obeyed. It is not for a litigant to disregard an order of a court because he thinks it is unjust or ought not to bind him. The remedy is to submit the issue to the court. Arrearage of alimony is not to be canceled by the court without cause and justification.

### 2. *Modification of Future Alimony Payments.*

It is true, as pointed out by the trial court, that $80 per month provided in the judgment of 1947 has diminished in purchasing power, and the plaintiff was required to improve her economic condition because the amount of alimony was not sufficient for her maintenance. Certainly it was not contemplated in 1947 that the plaintiff could live on $80 per month, and it would be necessary for her to seek employment to supplement the alimony. There is some authority that when a wife becomes employed to supplement a meager alimony allowance, such employment is not a justification for the elimination of the allowance. *Ashburn v. Ashburn* (1951), 329 Mich. 314, 45 N. W. (2d) 298; *Christensen v. Christensen* (1940), 295 Mich. 203, 294 N. W. 154; *Harter v. Harter* (1943), 307 Mich. 258, 11 N. W. (2d) 880. Nevertheless, it is a question of fact in each case whether the amount of money earned by the former wife,

together with the alimony payments, is or is not sufficient for her support and maintenance in a manner in which she is entitled to live. However, alimony is not decreed to punish the husband. It arises out of the husband's duty to support his former wife. It is a provision to which she is entitled unless she has committed adultery. Sec. 247.26, Stats.; *Luedke v. Luedke* (1934), 215 Wis. 303, 254 N. W. 525.

The amount of alimony is sometimes dependent and related to the amount of the property settlement. In this case the evidence does not show on what basis the original $80 per month was granted. The amount of the estate of the defendant at that time and at the present time is not disclosed by the record. The burden of proof in showing a material and substantial change in circumstances resulting in an injustice is upon him who seeks the modification of the divorce judgment. The defendant's theory is that a reduction of alimony may be made on the basis of current income. He has made no effort to disclose his complete financial condition or other assets. The amount of alimony is not necessarily dependent upon the amount of current income. As to current income, the testimony is vague, somewhat unsatisfactory, and not very convincing. The defendant testified his income at the time of the divorce was somewhere between $6,000 and $7,000 per year, and it is now between $3,600 and $3,700. The defendant's ill-health is given as the reason for the decline.

It is admitted that the plaintiff's annual income from teaching is $4,320, and all of her earnings are used for her maintenance and the incidental expenses for the minor child of the parties. She has no savings or reserve for contingencies. It is not error for the court to take into consideration the change in the circumstances of both parties, not only of current income, but of other assets. In *Bunde v. Bunde*

(1955), 270 Wis. 226, 70 N. W. (2d) 624, a divorced wife's net worth increased approximately $127,000 from inheritance. This court said that fact alone might be sufficient to change the amount of the alimony payments. A statement of the assets of the parties was considered in *Brackob v. Brackob* (1952), 262 Wis. 202, 54 N. W. (2d) 900, and in *Littig v. Littig, supra.*

Because the issue of modification of future alimony payments was not fully tried, in the interest of justice the case should be remanded for further proof by the parties and a redetermination of that issue.

*By the Court.*—That part of the order appealed from reinstating the cancellation, determining the alimony arrearage at $4,240, and requiring the defendant to submit a plan of liquidation therefor, is affirmed; that part of the order denying the defendant's motion to modify the judgment to suspend future alimony payments is reversed, and the matter is remanded for further hearing.