JACKSON, Respondent, v. JACKSON, Appellant.

*February 6—March 6, 1962.*

For the appellant there was a brief by *Peters & Baumann,* attorneys, and *Thomas J. Koll* of counsel, all of Hartford, and oral argument by *Roy C. Baumann.*

For the respondent there was a brief and oral argument by *John R. Craite,* attorney, and *Gregory Gramling, Jr.,* of counsel, both of Milwaukee.

DIETERICH, J.   The plaintiff, Marie Jackson, and the defendant, Byron Jackson, after a marriage extending over a period of twenty-eight years, were divorced and judgment was entered on August 19, 1954.  The judgment provided for a division of property pursuant to a stipulation entered into between the husband and wife.  Marie Jackson, wife, received household furniture and furnishings of approximately $3,500 value, and a 1949 automobile valued at $750, and alimony in the amount of $400 per month.  At that time Byron Jackson was earning $1,197 per month.  In addition to the $400 per month alimony, Byron Jackson was also ordered to continue in force certain policies of life insurance

with his wife as named beneficiary; these policies had death benefits of $8,500. The yearly premium for these policies was approximately $140.

Pursuant to the terms of the stipulation and judgment, Byron Jackson retained certain household articles, a house in Indiana worth $1,000, seven acres of land in Washington county, Wisconsin, worth approximately $4,800, and a company life insurance policy with benefits of $30,000, which, according to his testimony, would diminish to about $15,000 upon his retirement.

On June 1, 1961, Byron Jackson was retired by his employer because of ill health. His income was reduced by this retirement to a retirement pension of $573 per month plus approximately $50 per month from investments, for a total income of about $623 per month. On the basis of this reduction in his income, Byron applied to the county court for reduction of alimony.

From the time of the divorce, August 19, 1954, until the time of the hearing on his application for reduction of alimony, June, 1961, Byron Jackson has been able to substantially increase his assets. At the time of the divorce he owned 24 shares of American Can stock (his employer) and had roughly $1,000 in a checking account. At the time of the hearing he had 174 shares of American Can stock, some Eaton & Howard stock, $4,000 in a checking account, $6,000 in a savings account, $1,100 in a credit-union account, and he has increased the value of his home from $4,800 to over $6,000.

Marie Jackson, during this period of time, has not increased her assets, though, according to her testimony, her total income has been more than her necessary expenses. Marie Jackson estimated her necessary living expenses at $391 per month. She received approximately $25 a week from a part-time job and around $30 per year from stocks. Her total monthly income then at the time of the hearing was

approximately $115 per month plus whatever amount of alimony was accorded to her by the court.

The defendant in June of 1961, was sixty-three years of age, remarried, and owned his own home. At age sixty-five he would become eligible for social-security benefits of $108 per month. The plaintiff in June, 1961, was fifty-five years of age, unmarried, and lived in a three-room apartment located in Whitefish Bay, Wisconsin.

The trial court in its written decision and order found that at the time the judgment of divorce was entered, the defendant Byron Jackson had an annual salary of $14,364 ($1,197 per month); that at the time of the hearing he was sixty-three years of age, that effective on June 1, 1961, he was retired by his employer and that his retirement monthly pension is $573, and that he has additional income of $50 per month, making a total monthly income of $623. The trial court further found that the health of both plaintiff and defendant is impaired, that there has been a substantial change in the defendant's financial circumstances so as to warrant a downward revision of his alimony payments, that two years hence when he attains the age of sixty-five he will be entitled to $108 for social-security benefits.

The issue then is whether the trial court's reduction of alimony from $400 to $300 per month, constitutes an abuse of the court's discretion in view of the changed financial circumstances of the husband and the financial needs of the wife.

The extent to which the allowance shall be increased or reduced was within the sound discretion of the trial court, and the order of the trial court in this respect will not be set aside without a clear showing of an abuse of discretion. *Littig v. Littig* (1938), 229 Wis. 430, 282 N. W. 547, and *Miner v. Miner* (1960), 10 Wis. (2d) 438, 103 N. W. (2d) 4.

The testimony of the plaintiff and defendant reveals the following breakdown as to their respective monthly expenses:

|  | Plaintiff | Defendant & Wife. |
|---|---|---|
| Rent | $125 |  |
| Heat |  | $ 15 |
| Real-estate taxes |  | 8 |
| House repairs |  | 20 |
| Food | 75 | 120 |
| Utilities | 15 | 12 |
| Clothes | 25 | 20 |
| Medical insurance | 6 | 8 |
| Medical expense | 20 | ? |
| Auto expense |  | 50 |
| Lot in Florida |  | 15 |
| Misc. (taxes & car) | 100 | ? |
| Alimony |  | 300 |
| Insurance for plaintiff |  | 12 |
|  | $366 | $591 |

Byron Jackson testified that added to these expenses he still had two car payments of $50 each. He also testified that he would no longer be eligible for health-insurance benefits, but the company had provided a $2,500 fund to draw on for that purpose.

The computations of the expenses of plaintiff and defendant are incomplete. Defendant did not testify as to what his taxes and miscellaneous expenses were, if any, nor as to his medical expenses, if any. Whatever his other expenses may be, the only income he has to pay them from is the difference between his expenses $591 per month, and his total income of $623 per month, or $32 per month.

Byron Jackson is the moving party and therefore the burden is on him to show circumstances that will entitle him to a reduction in alimony. His expenses are relevant upon the issue of what amount of alimony should be awarded.

The fact that he probably did not show all his expenses is a failure on his part as the moving party to meet his burden of proof.

The rule is that where a modification of future alimony payments is sought, it is a question of fact as to whether the amount of money earned by the former wife, together with the alimony payments, is or is not sufficient for her support and maintenance in a manner in which she is entitled to live. *Miner v. Miner, supra.*

At the reduced amount of alimony, $300 per month, plaintiff has an adequate living. Her monthly expenses, $366, subtracted from her total monthly income of $415, results in a surplus of $49 per month. This surplus amount is not excessive when considered in light of other circumstances. Plaintiff is the beneficiary of $8,500 in life insurance maintained by defendant, who is eight years her senior. The monthly income that could be expected from this amount of insurance, in the event her former husband should predecease her, would be totally inadequate to support plaintiff in any reasonable manner.

The trial court considered the fact that Byron Jackson would be eligible for social-security benefits within two years when it made its decision and order on Byron Jackson's application for reduction of alimony. Therefore, it would be inequitable to allow Marie Jackson to come into court for the purpose of having the alimony increased at the time Byron Jackson does become eligible for those benefits. The order of the trial court should be modified.

*By the Court.*—The order granting the award of $300 per month is modified to include the provision that Byron Jackson's future eligibility for social-security benefits shall not constitute a change of circumstances permitting an increase in the amount of alimony payable to Marie Jackson, and as so modified, is affirmed.