EVE FENNING, Petitioner, v. SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, DOMINGO RAFFUCCI, JUDGE, Respondent; MELVIN FENNING, Intervener.

No. O-67-148.    Decided October 15, 1968.

*Ángel L. Tapia Flores* for petitioner. *Cancio & Cancio* for intervener.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Blanco Lugo, Mr. Justice Rigau, and Mr. Justice Ramírez Bages.

MR. JUSTICE RAMÍREZ BAGES delivered the opinion of the Court.

The question raised in this case is the validity of a stipulation signed by a married couple (at that time domiciled

in Puerto Rico, but previously domiciled in the state of New Jersey where they were married) when the action for divorce was still pending, by virtue of which the parties dissolved their conjugal partnership and the wife waived all the rights she might have to an alimony either present or future, because she was capable of supporting herself, and that said agreement shall be binding upon the parties irrespective of the outcome of the divorce suit. We conclude that said waiver is void. We also conclude that the memorandum of costs was filed on time.

Since the law applicable to this kind of cases depends on the particular circumstances of each case, it is necessary to summarize the facts which give rise to this litigation.

Eve Fenning, the petitioner, and Melvin Fenning, the intervener, were married in the state of New Jersey on January 31, 1960. Petitioner was born in New York and the intervener in New Jersey. By the middle of 1962 they moved to Puerto Rico, where they established their home, acquired properties, and where they have been domiciled ever since.

On August 18, 1964 petitioner filed an action for divorce in the Superior Court, San Juan Part. On August 27 of the same year, when the action for divorce was still pending, the parties agreed upon and signed a stipulation by which petitioner and the intervener dissolved the conjugal partnership and waived certain claims and rights between them. In a separate paragraph in said stipulation petitioner waived "any and all rights to alimony, either present or future, and states that she is capable of supporting herself." In the last paragraph of said stipulation it was agreed that "This stipulation shall be binding upon the parties and shall survive any decree of divorce which may be entered relating to the parties."

In relation to the community property the stipulation provided that upon receipt of the net proceeds of $5,750 which was attached in a bank account of the intervener, petitioner

will have received at least one-half of the community property and that the latter specifically acknowledged that she had no further claims to any other property, community or separate, and that her claim relating to the division or separation of property was completely covered by the net proceeds of said attached $5,750. Said stipulation was attached to the answer to the complaint.

On December 18, 1964 the matrimonial ties between the parties were decreed broken and dissolved. Said judgment was amended on June 30, 1965. It was decided that the division of the property and the incident of the alimony will be considered in a different proceeding, for which the court reserved jurisdiction.

On July 8, 1965 said amended judgment was filed in the record and on July 19 of the same year, petitioner filed a memorandum of costs. On August 25, 1965 the intervener filed his motion of opposition to the memorandum of costs alleging that the latter had been filed late, and, also, that according to the aforementioned stipulation petitioner was bound to pay the costs of the litigation. On January 14, 1966, before the trial court passed on this aspect of the case, petitioner filed a motion requesting alimony. In his turn the intervener filed a motion to dismiss, relying on the fact that according to the aforementioned stipulation petitioner had waived the alimony.

It was not until January 27, 1967, a year and some days after the alimony was requested, that the trial court decided to disapprove the memorandum of costs because it had been filed late and to grant the motion to dismiss the petition for alimony because petitioner had waived it by the aforementioned stipulation. Petitioner filed on her own right a motion for reconsideration which was dismissed on February 21, 1967.

There is no evidence in the record that the parties acquired any property whatsoever during their stay in the

state of New Jersey. All the evidence tends to indicate that they acquired the property during their marriage while they were domiciled in Puerto Rico. From the complaint it appears, and this fact was not denied, that the couple accumulated the following properties:

1. Fenning Engineering, a hydraulic equipment business established at 469 José De Diego Street, Río Piedras.
2. Two Renault automobiles.
3. Checking accounts in different banks of Puerto Rico.

The trial court concluded that the alimony provided in § 109 of the Civil Code (31 L.P.R.A. § 385) may be waived pursuant to the decision in *Rubio* v. *Roig*, 84 P.R.R. 331 (1962).

Petitioner assigns that (1) the trial court erred in deciding that petitioner, as a married woman, could waive her rights as a divorced woman; (2) in considering the stipulation signed by the parties when from its own face it appears that the same is void;[1] and (3) in deciding that the memorandum of costs was filed late.

First, we want to indicate that *Rubio, supra,* is not applicable, since in said case we upheld a compromise of the divorced woman's right to receive alimony under § 109 of the Civil Code, which was signed subsequent to the divorce when the parties were enjoying complete freedom to contract between themselves. On the contrary, in the case at bar the stipulation on the liquidation of the conjugal partnership and waiver of the alimony, present or future, was signed by the parties in litigation nine days after the petitioner had filed the complaint against the intervener, that is, that the action for divorce was still pending, and had not been decided.

■ Since the litigants have been domiciled in Puerto Rico for over two years, we understand that although they

---

[1] In her brief petitioner also assigns, that the court considered the stipulation in question when said document was never offered in evidence. This error was desisted from in the final brief.

were born, one in New Jersey and the other in the state of New York, and they were married in the state of New Jersey, their rights must be determined according to the laws of Puerto Rico. *Heirs of Shefftz* v. *Sec. of the Treasury*, 93 P.R.R. 868, 875 (1967) ; *Lókpez* v. *Fernández*, 61 P.R.R. 503, 512–513 (1943).

The clauses of a contract where a divorced woman waives alimony should be entertained with great caution and taken "by its four corners" in order to reach a complete interpretation of the true intention. Although said stipulations are admissible they are subject to a careful and searching scrutiny. *Kate* v. *Kate*, 48 N.W.2d 551 (Minn. 1951) ; *Osborne* v. *Osborne*, 197 S.W.2d 234 (Tenn. 1946) ; *Hopping* v. *Hopping*, 10 N.W.2d 87 (Iowa 1943) ; *Lazar* v. *Superior Court*, 107 P.2d 249 (Cal. 1940) ; *Phillips* v. *Phillips*, 97 Atl. 593 (R.I. 1916).

■ A. We conclude that the waiver, prior to the divorce, of the alimony subsequent to the divorce is void, for the reasons stated below.

Since the married woman cannot request alimony subsequent to the divorce until the latter has been decreed, she cannot waive it prior to the divorce, because a right like this cannot be waived in advance.

■ Section 109 of the Civil Code (31 L.P.R.A. § 385) provides that "If the divorced wife, in whose favor judgment was rendered, has not sufficient means of subsistence, the Superior Court may allow her, in its discretion, an alimony out of the income, earnings, salary, or property of her divorced husband, . . ." and that if the alimony shall become unnecessary it shall be revoked by the court which granted it. From the law itself it appears that the divorced woman does not have a right per se to be supported. In order to have that right it is necessary that there exist certain circumstances like, for example; (1) being the innocent party

in the divorce suit; (2) establishing that she does not have sufficient means of subsistence; and (3) establishing that her ex-husband has sufficient income to support her. As may be seen the circumstances are different from those of § 142 *et seq.*, which regulates the "Support of Relations." In *Meléndez* v. *Superior Court*, 77 P.R.R. 506 (1954), we stated that the rights, under § 109 of the Civil Code, of the ex-wife arise only after the woman has obtained the divorce under the circumstances and in the measure established in said section. We stated therein: "This right of the ex-wife arises once the divorce is decreed and not before." The latter must establish in court her claim for alimony.

Castán states in II-1 *Derecho Civil Español, Común y Foral* 83, 10th ed., that the validity of the waiver requires (1) that the waiverer be the title holder of the right, by force of the aphorism "nemo dat quod non habet." In similar terms Manresa states in II-8 *Código Civil Español* 433 that future rights may be object of a contract with certain powerful restrictions, especially in agreements involving the waiver of a right which has not yet been acquired.

The dictionary of the *Real Academia Española* defines *renuncia* as "the resignation or relinquishment of a thing possessed, or of the right thereto." Black's Law Dictionary defines it as the intentional or voluntary relinquishment of a *known right*. Jurisprudence has gone farther in defining it as the voluntary and intentional relinquishment or surrender of some *known right*, or such conduct evincing the inference of the voluntary or intentional relinquishment of such known right. The constituent elements of such waiver are *an existing right*, knowledge of such right, and the intention to relinquish it. *Yates* v. *American Republics Corporation*, 163 F.2d 178, 179 (10th Cir. 1947). To constitute a waiver it is essential that there be an existing right, benefit, or advantage. It does not constitute a valid waiver if it is not

established that such right, benefit, or advantage was existent *at the time the waiver was constituted. Hosch* v. *Howe,* 16 P.2d 699, 700 (Mont. 1932); *Park Avenue Methodist Episcopal Church* v. *Barrett,* 30 N.Y.S.2d 667, 670 (1941). A person cannot waive a right before he is in a *position to assert it. Templer* v. *Muncie Lodge, I.O.O.F.,* 97 N.E. 546, 549 (Ind. 1912).

■ Hence, in this case, as we have previously seen, the petitioner did not have any right to waive, since, as it was decided in *Meléndez, supra,* the right of the ex-wife to alimony granted by § 109, under certain circumstances which must be established, arises once the divorce decree is final and unappealable and not before.

■ Since the alimony to which the divorced woman is entitled may vary from time to time and according to the circumstances, the courts always reserve the jurisdiction thereof, so that these suits never constitute res judicata. Pursuant to said principle it has been decided in the jurisdictions where such kind of contract is permitted, that the parties are incompetent to make an absolute agreement, and that such agreement serves merely to admeasure the *cuantum* of such obligation *under circumstances prevailing when it was made;* but that in no manner whatsoever can said agreement or stipulation bar the ex-wife from requesting an increase in the alimony or that alimony be granted to her, provided she can establish a change of circumstances. *Polyckronos* v. *Polyckronos,* 8 A.2d 265, 271 (N.J. 1939). Such agreement, it has been said, cannot preclude the courts from granting alimony, *particularly when the ex-wife does not receive any benefit whatsoever on account of the waiver or when the agreement is not fair or reasonable. Miner* v. *Miner,* 103 N.W.2d 4, 7 (Wis. 1960); *Polyckronos, supra; Sobel* v. *Sobel,* 132 Atl. 603 (N.J. 1926).

In view of the foregoing, we consider that the trial judge erred in deciding that petitioner Eve Fenning had waived her right to alimony.

B. Petitioner assigns that the trial court erred in deciding that she had filed the memorandum of costs late.

■ The amended judgment was rendered on June 30, 1965 and filed in the record on July 8 of the same year. On July 19 of the same year petitioner filed her memorandum of costs. Rule 44.4 of the Rules of Civil Procedure provides, in its pertinent part, that within ten days after the filing in the record of copy of the notice of judgment, the party who claims his costs must file with the court, and serve notice upon the adverse party, a statement or memorandum of all items of expenses and necessary disbursements incurred in the action or proceeding. The last day to file the memorandum of costs was due on July 18, 1965. But since that day was a Sunday, petitioner could, pursuant to Rule 68.1 of the Rules of Civil Procedure, file it the next day or the following working day, that is July 19. It is obvious that it was filed on time. The intervener alleges in his brief that said memorandum was not notified to him until nine days after the term had elapsed. The record shows that it was notified on time. From the record it appears that on August 25, 1965 the intervener filed his motion of opposition to the memorandum of costs, nearly one month after the term for the motion of opposition had elapsed. In said motion of opposition to the memorandum of costs he silenced said argument and for the first time in this appeal he raises this question. Therefore, it lacks merit. We conclude that the trial court committed the third error assigned.

In view of the foregoing, the order of the Superior Court, San Juan Part of January 27, 1967, which denied the petition for alimony and which dismissed the memorandum of costs, will be reversed, and the case will be remanded for further proceedings consistent with this opinion.