LEMM, Respondent, v. LEMM, Appellant.

*No. 794 (1974). Submitted on briefs April 12, 1976.—*
*Decided May 4, 1976.*
(Also reported in 241 N. W. 2d 593.)

458

For the appellant the cause was submitted on the brief of *Leo H. Hansen, William T. Henderson* and *Hansen, Eggers, Berres & Kelley, S. C.* of Beloit.

For the respondent the cause was submitted on the brief of *Frank X. Kinast* of Beloit.

HEFFERNAN, J.   This is an appeal from an order which denied a motion to terminate the obligation of Harold W. Lemm to pay Vivian J. Lemm the sum of $90 a week as alimony.  Because the trial judge failed to consider the total amount of Vivian Lemm's increased estate and considered only the earnings from her estate in arriving at his decision, we conclude that his decision constituted an abuse of discretion and must be reversed.

The record shows that the Lemms were divorced in August of 1969.  At that time Vivian Lemm, following the division of the marital estate, had assets of $41,517, and Harold Lemm had assets of $23,310.  When the hearing for the termination of alimony payments was held in 1975, Vivian Lemm's estate, as the result of an inheritance, had increased to $157,000, while Harold Lemm's estate had increased to $43,891.

The trial judge properly considered most of the factors relevant to a determination of whether changed circumstances warranted modification of alimony. He considered the health of the parties, their ages, their incomes and expenses, their obligations to support minor children, and their employment circumstances. We find no error or abuse of discretion in his consideration of any of these factors. He, however, failed to consider Vivian Lemm's greatly increased assets as a possible source for her future support. He considered her newly acquired assets only as a source of present and future earnings and failed to consider the reasonableness of invading the corpus of her estate to provide for her support. Because he failed to do so, a relevant and important factor was omitted from his consideration, and we conclude that the order must be reversed and the matter remanded for further consideration.

The financial provisions of the divorce judgment were made after a stipulation of the parties. That stipulation gave Vivian Lemm a substantial portion of the marital estate, approximately 40 percent. She was also awarded the sum of $90 a week as alimony and $190 a month for the support of a minor child. The support payments were terminated in 1975 because the minor child had attained her majority. There is no appeal from that portion of the order.

Where a divorce judgment grants alimony, that decree is *res adjudicata* and will not be disturbed unless there is a material or substantial change in circumstances. This is particularly true where, as here, the alimony award was pursuant to an agreement of the parties and, in addition, there was a substantial and reasonable division of the marital estate. *Miner v. Miner* (1960), 10 Wis. 2d 438, 103 N. W. 2d 4, points out that the purpose of alimony is postdivorce support, and a change in alimony may be predicated only upon a demonstrated proof

of changed needs or changed financial resources of the parties.

A divorced husband who seeks to have alimony payments reduced or eliminated has a heavy burden of proof to show that such alimony payments are no longer necessary to maintain the wife in a status which comports with her standard of living during the marriage. He may also in appropriate cases be required to show that his ability to pay has diminished. As stated in *Jackson v. Jackson* (1962), 16 Wis. 2d 61, 113 N. W. 2d 546, the burden of proof is upon the party who seeks to change the original decree.

The record in this case shows that there was a marked change in the financial ability of Vivian Lemm to support herself from her own assets. Her assets increased over threefold in the period of six years. The increase in Harold Lemm's assets was substantially less. At the time of the hearing, it was shown that Harold Lemm's net income during the interim had increased from $15,471 to $24,000 (the latter figure includes income of his second wife). Vivian Lemm's income during the same period rose from $12,960 to $17,996.

The trial judge concluded that, at the time of the hearing, the alimony payments to Vivian Lemm constituted a "windfall," but he correctly pointed out that a portion of her income was derived from unemployment compensation, which would not continue indefinitely.

It is apparent from this partial recapitulation of the figures that appear of record that there was a substantial change in the circumstances of the parties, almost totally as the result of the inheritance received by Vivian Lemm from her parents.

The record demonstrated that Harold Lemm sustained his burden of proof that there were substantially changed circumstances. While it is difficult to determine from the record before us the needs of each of the parties, they

obviously must be considered, and were apparently properly considered, by the trial judge. It is equally apparent, however, that the trial judge never considered the possibility that Vivian Lemm might have the responsibility to furnish all or part of her support from her own estate. The trial judge took into account the almost $9,000 annual income from her estate, but he failed to consider that, under appropriate circumstances, the corpus of her separate estate could be utilized for her support. While it is apparent that any reduction in the corpus of the estate would eventually reduce the amount of earnings, that is but one factor for a trial judge to consider in the disposition of the alimony question.

We have repeatedly stated that, where a wife has inherited a substantial estate after divorce, she may be obliged to use some or all of the principal of her inheritance if she wishes to maintain a particular standard of living. *Bunde v. Bunde* (1955), 270 Wis. 226, 70 N. W. 2d 624.

In *Bunde,* the court pointed out that sec. 247.26, Stats., requires a trial court to consider the amount of the separate estate of the wife in originally determining the amount of alimony. It held:

". . . it necessarily follows that, if, subsequent to the entry of such decree, there has been a material change in the financial status of the wife, the same constitutes sufficient ground for modifying the provisions of the judgment with respect to the alimony." *Bunde,* page 230.

In that case, between the time of the divorce and the time of the hearing for the modification of the alimony, the estate of the divorced wife had increased from $55,000 to $180,000–$190,000 as the result of an inheritance. The court, in reducing the alimony, considered the fact that the divorced husband's retirement was imminent, but it went on to say:

"An even more controlling factor to be considered is the increase which occurred in Mrs. Bunde's net worth from approximately $55,000 to $180,000–$190,000. In fact, if this latter were the only factor to be considered it might well warrant the elimination of any further payments of alimony by Mr. Bunde." (P. 235)

We do not intend to suggest that the disposition of the alimony payments in *Bunde* controls the disposition under the different facts of this case, but *Bunde* makes clear that the corpus of the newly acquired separate estate of the wife must be considered, and not only the income therefrom.

In *Wetzel v. Wetzel* (1967), 35 Wis. 2d 103, 150 N. W. 2d 482, the court stated that, in cases where substantial amounts of property were allocated to the wife by a divorce decree, there is no presumption or requirement that the property allocated to her must produce income which, together with her alimony, must equal her needs. The court said that in some cases it is initially contemplated that a portion of the principal be used for the maintenance of the wife.

In *Sholund v. Sholund* (1967), 34 Wis. 2d 122, 148 N. W. 2d 726, the court pointed out that, where a wife had received a substantial inheritance, an increase in alimony would be disallowed because of the wife's ability to meet her needs from the invasion of the corpus of the inheritance.

In *Tonjes v. Tonjes* (1964), 24 Wis. 2d 120, 128 N. W. 2d 446, the court concluded that, under the circumstances, it would be inequitable to require the wife to invade the corpus of her inheritance in lieu of all alimony, but it did point out that in order for her to meet her needs, even with increased alimony, it would be necessary for her to invade the principal of her separate estate.

These cases clearly point out, that, as in the instant case, where the wife has a substantial separate estate either at the time of the divorce or acquired subsequently,

the trial judge is obligated to consider the possibility of her deriving her support not only from the income of the estate but from the corpus.

The memorandum opinion delivered from the bench shows that the trial judge in this case failed to consider that possibility. We do not intend to suggest that, in the exercise of judicial discretion, the trial judge here would be compelled to eliminate all alimony payments, or even part of them. However, as a matter of discretion, the trial judge must consider the possibility of requiring Vivian Lemm to invade the corpus of her estate. This is, however, but one factor to be considered by the trial judge in arriving at his decision. As we have stated in *Markham v. Markham* (1974), 65 Wis. 2d 735, 223 N. W. 2d 616, the trial court's determination should be based on all the facts and circumstances of the case. The court's determination cannot stand where there has been a failure to consider a relevant factor.

*By the Court.*—Order reversed and cause remanded for further consideration consistent with this opinion.