SUCESIÓN DE SIMÓN SHEFFTZ ET AL., demandantes y apelantes, v. SECRETARIO DE HACIENDA DE PUERTO RICO, demandado y apelado.

*Número:* AP-65-50      *Resuelto:* 30 de enero de 1967

*Basilio Santiago Romero,* abogado de los apelantes; *J. B. Fernández Badillo, Procurador General,* y *Elpidio Arcaya, Procurador General Auxiliar,* abogados del apelado.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Blanco Lugo, Rigau y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

No hay controversia sobre los hechos de este caso.

El señor Simón Shefftz, ciudadano de los Estados Unidos de América y residente y domiciliado en el Estado de Massachusetts, falleció el día 20 de octubre de 1960. Al tiempo de su muerte estaba casado con Jean Shefftz, con quien había contraído nupcias en el Estado de Massachusetts el día primero de julio de 1928. El señor Shefftz dejó como herederos a su viuda Jean Shefftz y a sus hijos Melvin Charles y Barbara Shefftz, todos residentes del Estado de Massachusetts, al tiempo del fallecimiento de su causante.

Mediante testamento otorgado el 10 de octubre de 1958 en el Estado de Massachusetts, el señor Simón Shefftz dispuso, entre otras cosas, que a su fallecimiento la mitad de su caudal pasaría a su esposa Jean Shefftz por concepto del *"marital deduction"* en forma de un fideicomiso. Esta disposición testamentaria la hizo el causante Sr. Shefftz acogiéndose al derecho que se concedía y se concede bajo el Código Federal de Rentas Internas y bajo las Leyes fiscales del Estado de Massachusetts.

A su fallecimiento el Sr. Shefftz era dueño y tenía en su posesión cierto número de acciones de dos corporaciones puertorriqueñas. Estas acciones fueron declaradas en la notificación de defunción radicada en la División de Herencias del Departamento de Hacienda. En dicha notificación de defunción los herederos tomaron como deducción el 50% del activo dejado por el causante en Puerto Rico aduciendo que la mitad del valor de las acciones constituye un bien ganancial de la viuda.

El Secretario de Hacienda valoró las referidas acciones, a los fines de tributar su transferencia en la suma de $146,767.50. No hay controversia en cuanto a esta valoración. Sin embargo, el Secretario de Hacienda consideró el valor total de las acciones como bienes transferidos sujetos al pago de la contribución sobre herencias rechazando así la deducción del 50% del valor de acciones reclamada por los

herederos de Shefftz como deducción marital (*marital deduction*). La contribución notificada ascendió a $25,461.07 pero los herederos pagaron únicamente la cantidad de $7,948.29 y acudieron al Tribunal para litigar la diferencia.(¹)

Luego de celebrarse una vista durante la cual las partes no ofrecieron prueba de clase alguna, limitándose a hacer planteamientos de derecho, el Tribunal Superior dictó sentencia declarando sin lugar la demanda y sosteniendo, en su consecuencia, las determinaciones del Secretario de Hacienda.

Contra esa sentencia los herederos de Shefftz interpusieron el presente recurso de apelación señalando la comisión de los siguientes

### ERRORES

"I La sentencia dictada por el Hon. Tribunal Superior, Sala de San Juan, es errónea en derecho por no haber concluído el tribunal que las acciones sujetas a la contribución sobre herencia en Puerto Rico constituyen propiedad ganancial de los esposos Shefftz, a tenor con el artículo 1295 de nuestro Código Civil, 1930, (31 L.P.R.A. § 3621).

II La sentencia dictada por el Hon. Tribunal Superior es claramente errónea porque ella patrocina y sostiene un discrimen contributivo contra los ciudadanos de los Estados Unidos residentes en los estados de la unión donde impera el sistema de propiedad separada y a favor de los residentes de Puerto Rico y los residentes de los estados de la Unión donde impera el Régimen de Bienes Gananciales. Tal discrimen está prohibido

---

(¹) La notificación final servida a los herederos de Simón Shefftz ascendió a la suma de $25,461.07 según el siguiente desglose:

| | |
|---|---|
| Jean Shefftz (esposa) | $15,215.13 |
| Melvin Charles Shefftz | 5,122.97 |
| Barbara Shefftz | 5,122.97 |
| Total | $25,461.07 |

Los herederos pagaron únicamente la cantidad de $7,948.29 en la siguiente proporción:

| | |
|---|---|
| Jean Shefftz (esposa) | $ 431.77 |
| Melvin Charles Shefftz | 3,758.26 |
| Barbara Shefftz | 3,758.26 |
| Total pagado | $7,948.29 |

por el artículo 2 de la Ley de Relaciones Federales con Puerto Rico (L.P.R.A. § 2) por ser una violación de los derechos, privilegios e inmunidades de los ciudadanos de los Estados Unidos.

III La sentencia del Hon. Tribunal Superior, Sala de San Juan, es errónea en derecho porque ella patrocina un discrimen contributivo contra los demandantes que resulta en una clara violación de los derechos constitucionales de los demandantes a tenor con las disposiciones de la cláusula décimocuarta de la Constitución de los Estados Unidos, así como por la Constitución del Estado Libre Asociado de Puerto Rico, que prohibe el que se prive a las personas de sus propiedades sin el Debido Procedimiento de Ley. La violación a la referida cláusula constitucional ocurre al imponerse una contribución sobre herencia improcedente sobre un derecho adquirido (el derecho de la viuda a la mitad del caudal) que está exento de tributación tanto por la Ley de Massachusetts como por la propia ley Federal."

Los apelantes no fundan su reclamado derecho a una deducción de la mitad del valor de las acciones en la deducción marital (*marital deduction*) que reconoce a los contribuyentes tanto el Código Federal de Rentas Internas como la Ley de Massachusetts.([2]) No podrían hacerlo. Nuestra Ley de Herencias y Donaciones no reconoce la deducción marital y en materia de deducciones, a los fines de tributar la

---

([2]) "La deducción marital—según expone correctamente el Procurador General—es simplemente una gracia legislativa. Es lo que la expresión misma indica: una deducción contra el caudal hereditario. Representa un legado que el Congreso permite que se haga en favor de un cónyuge supérstite, exento de tributación, sujeto, desde luego, a que el mismo no exceda del 50% de los bienes del transferidor. Como deducción al fin, tiene sus restricciones, excepciones, requisitos y limitaciones, a tal grado que pueden estos últimos reducir considerablemente la exención que contempla el estatuto. *Jackson* v. *United States*, 376 U.S. 503 (1964); *United States* v. *Stapf*, 375 U.S. 118 (1963); *Hoffman et al.* v. *McGinnes*, 277 F.2d 598 (1960); *First National Exchange Bank of Roanoke* v. *United States*, 217 F.Supp. 604 (1963); 90 A.L.R.2d 405.

'Marital deduction permits deceased spouse, *subject to certain requirements, to transfer free of taxes one half of his non-community property* to his surviving spouse.' (Énfasis suplido.) *U.S.* v. *Stapf*, 375 U.S. 118 (1963).

transmisión o transferencia de bienes, las disposiciones de dicha ley son las aplicables. (3) Su contención es al efecto de que las susodichas acciones son bienes gananciales y en su consecuencia la mitad de su valor corresponde a la viuda por derecho propio y no está sujeto a la contribución sobre herencias. Argumentan los apelantes que a tenor con el Art. 1295 de nuestro Código Civil, cuyo contenido jurídico ha sido interpretado por el Tribunal Supremo del Estado de Luisiana, en el caso de *Succession of Dill,* 155 La. 47, 98 So. 572, cualquiera propiedad adquirida en jurisdicción civil donde impere el sistema de gananciales se considerará ganancial, independientemente de la residencia de los cónyuges y el sistema de propiedad en el lugar de matrimonio.

El caso de *Succession of Dill* fue resuelto bajo una ley de Luisiana distinta a la nuestra. Sin embargo se cita en dicho caso el de *Saul* v. *His creditors,* 19 Am. Dec. 212, donde se resolvió que en Luisiana estaba vigente, por no haber sido derogada una disposición del Fuero Real (Novísima Recopilación, libro 10, título 4, ley 1), que preceptuaba: "Todo lo que el marido y la mujer adquieran mientras estén unidos, se harán suyos por mitad." Y que tal disposición general prevalecía aunque el Código Civil de Luisiana de 1908 disponía: "Todo matrimonio contratado en este estado conllevará el derecho a la Sociedad de Bienes Gananciales si no se hubiese estipulado lo contrario." Luego de una amplísima discusión de lo que se entiende por estatuto personal y por estatuto real, se concluye en el caso de *Saul* que el precepto del Fuero Real copiado anteriormente, es un estatuto de carácter real. En su consecuencia los bienes adquiridos en Luisiana por personas que han contraído matrimonio fuera de ese estado, estaban sujetos al régimen ganancial. Luisiana cambió su ley en 1825. Limitó la sujeción al régimen ganancial las propie-

---

(3) En controversias fiscales debe acudirse en primer término a las leyes y los principios fundamentales que rigen la materia. *Serrallés Galiano* v. *Srio. de Hacienda,* 84 D.P.R. 11 (1961).

dades adquiridas en el estado después que los cónyuges (que habían contraído matrimonio fuera del estado) pasaban a residir en Luisiana. Esta ley motivó unos cuantos litigios y decisiones de los tribunales y finalmente Luisiana adicionó en 1852 un precepto a su Código Civil haciendo aplicable el régimen ganancial a toda propiedad adquirida en el estado por personas casadas no residentes sin importar que el título estuviera a nombre del marido o la esposa, o a nombre de ambos.

No tenemos que enfrascarnos en la discusión sobre el carácter del Art. 1295 de nuestro Código Civil en lo que respecta a si es un estatuto real o personal. Dicho artículo dispone:

"Mediante la sociedad de gananciales, el marido y la mujer harán suyos por mitad, al disolverse el matrimonio, las ganancias o beneficios obtenidos indistintamente por cualquiera de los cónyuges durante el mismo matrimonio."

No hay dudas de que un estado tiene la primacía sobre el control de toda la propiedad mueble o inmueble situada dentro de sus límites territoriales y que puede por tanto regular los derechos propietarios por sus propias leyes. En los Estados Unidos, lo mismo que en Puerto Rico la regla es que los bienes inmuebles pertenecientes a un matrimonio están sujetos a la ley del *situs* de dichos bienes. En cuanto a los muebles la regla general que prevalece por razón de conveniencia, es al efecto que se rigen por la ley del domicilio matrimonial. Generalmente el derecho internacional privado del *situs* de los muebles refiere el problema a la ley del domicilio.

El Art. 10 de nuestro Código Civil (31 L.P.R.A. sec. 10) dispone que los bienes muebles están sujetos a la ley de la nación del propietario y los inmuebles a las leyes del país en que están sitos. De suerte que nuestra propia ley aun en los casos de bienes muebles sitos en Puerto Rico, remite su gobierno a la ley de la nación del propietario. Ya sabemos que en los Estados Unidos impera la doctrina del domicilio y

no la de la nacionalidad, por las razones expuestas en el caso de *Lokpez* v. *Fernández*, 61 D.P.R. 522 (1943).

En consecuencia, al referirse nuestra ley a la nación del propietario está refiriéndose, en lo que a los Estados Unidos respecta, a la ley del domicilio. Los bienes muebles, por tanto, se rigen en virtud de la ley local por la ley del domicilio del propietario (4) que en el presente caso es el Estado de Massachusetts, donde el señor Shefftz estaba domiciliado, donde contrajo matrimonio y donde continuó domiciliado hasta la fecha de su muerte. De conformidad con la ley de Massachusetts, las acciones adquiridas por el señor Shefftz son bienes privativos suyos y no erró el Secretario de Hacienda al así considerarlos, a los fines de la Ley de Herencias.

Dispone la Constitución de los Estados Unidos en el inciso (1) Sec. 2 del Art. IV que "[L]os ciudadanos de cada estado disfrutarán de todos los privilegios e inmunidades de los ciudadanos de otros estados." Esa disposición constitucional rige en Puerto Rico en virtud del Art. 2 de la Ley de Relaciones Federales. (5) Mas, estos privilegios e inmunidades son aquéllos que emanan de la ciudadanía de los Estados Unidos, que son comunes a los ciudadanos de los estados bajo sus constituciones y leyes por razón de ser ciudadanos de los Estados Unidos. La constitución federal protege y garantiza solamente los privilegios e inmunidades que

---

(4) Comentando el Art. 10 del Código Civil Español que es igual al de nuestro Código en tanto establece la ley a que están sujetos los bienes, dicen los tratadistas que los bienes muebles se han considerado como una ampliación de la personalidad y en su consecuencia se les aplica en los conflictos internacionales al Estatuto personal. 1 Manresa, *Código Civil Español*, pág. 229.

(5) Dispone dicho artículo:

"Los derechos, privilegios e inmunidades de los ciudadanos de los Estados Unidos se respetarán en Puerto Rico hasta el mismo grado que si Puerto Rico fuera un Estado de la Unión y sujeto a las disposiciones del inciso 1 de la Sección 2 del Artículo IV de la Constitución de los Estados Unidos."

pertenecen a los "ciudadanos de los Estados Unidos" en contradistinción de los ciudadanos de los estados. (⁶) Los derechos propietarios del Sr. Shefftz sobre los bienes adquiridos durante su matrimonio no son derechos que nacen o emanan de la ciudadanía de los Estados Unidos y por lo tanto no son de los protegidos y garantizados por la Constitución Federal. Ya hemos dicho que los indicados derechos de Shefftz se rigen por las leyes sustantivas de Massachusetts y nacen de un contrato matrimonial. Estos derechos y privilegios, por nacer de un contrato no son de los protegidos por la Constitución. *Conner* v. *Elliott*, 59 U.S. 591, 15 L.Ed. 497.

Tampoco se ha negado a los herederos de Shefftz la igual protección de las leyes. No se trata aquí, como en el caso de *Postley* v. *Secretario de Hacienda*, 75 D.P.R. 874 (1954), de un discrimen contra los herederos de Shefftz por razón de no ser éstos ciudadanos de Puerto Rico. La residencia o no residencia en Puerto Rico de estos herederos, no juega papel decisivo en lo que respecta a la imposición de la contribución sobre herencia y donaciones. Esta ley no dispone la forma de dividir una herencia, ni por consiguiente la proporción que en el caudal hereditario corresponde a cada heredero. Si Shefftz hubiera contraído matrimonio bajo el régimen ganancial bien en Puerto Rico o en cualquier otro Estado, los derechos de su viuda en cuanto a su participación ganancial se reconocerían en Puerto Rico, en virtud de las leyes sustanciales correspondientes al contrato matrimonial pero no en virtud de la Ley de Herencias y Donaciones. Los herederos de Shefftz no están en este caso en una posición distinta a la que estarían los herederos de un ciudadano residente de Puerto Rico que hubiera contraído matrimonio en Puerto Rico previo el otorgamiento de capitulaciones matrimoniales disponiendo un régimen distinto al de la sociedad de gananciales. Art. 1267 Código Civil (31 L.P.R.A. sec. 3551).

---

(⁶) Véase 16 Am. Jur.2d, págs. 831 y siguientes.

La ley se aplica por igual tanto a residentes como a no residentes conforme al régimen que gobierne su contrato matrimonial.

*Por las razones expuestas se confirmará la sentencia apelada.*