EVE FENNING, peticionaria, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. DOMINGO RAFFUCCI, JUEZ, demandado; MELVIN FENNING, interventor.

*Número:* O-67-148          *Resuelto:* 15 de octubre de 1968

———

616

*Ángel L. Tapia Flores*, abogado de la peticionaria; *Cancio & Cancio*, abogados del interventor.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Blanco Lugo, Rigau y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR RAMÍREZ BAGES emitió la opinión del Tribunal.

Se cuestiona en este caso la validez de una estipulación suscrita por unos cónyuges (domiciliados entonces en Puerto Rico pero que anteriormente estaban domiciliados en el estado de Nueva Jersey donde contrajeron matrimonio) cuando aún estaba pendiente la acción de divorcio entre ellos, por virtud de la cual las partes liquidaron su sociedad de gananciales y la esposa renunció a todos los derechos que tuviera a una pensión alimenticia presente o futura porque era capaz de sostenerse a sí misma y que tal acuerdo sería obligatorio entre las partes independientemente del resultado del pleito de divorcio. Concluimos que dicha renuncia es nula. También concluimos que el memorando de costas se radicó a tiempo.

Como el derecho aplicable depende en este tipo de causa de las circunstancias de cada caso en particular, resulta necesario resumir los hechos que dan lugar a este litigio.

Eve Fenning, la peticionaria, y Melvin Fenning, el interventor, contrajeron matrimonio en el Estado de Nueva Jersey el 31 de enero de 1960. La peticionaria es natural de Nueva York y el interventor lo era de Nueva Jersey. A mediados de 1962 se trasladaron a Puerto Rico donde esta-

blecieron su hogar, adquirieron bienes y donde han estado domiciliados desde entonces.

El 18 de agosto de 1964 la peticionaria radicó una demanda de divorcio ante el Tribunal Superior, Sala de San Juan. El 27 de agosto del mismo año, pendiente aún la acción de divorcio, las partes acordaron y suscribieron una estipulación mediante la cual la peticionaria y el interventor liquidaron la sociedad legal de gananciales y renunciaron a varias reclamaciones y derechos entre sí. En párrafo separado en dicha estipulación la peticionaria renunció a "todos y cada uno de sus derechos a pensión alimenticia presente o futura y declara que está en condiciones de sostenerse por sus propios medios." En el último párrafo de la referida estipulación se convino que "Esta estipulación será obligatoria para las partes y sobrevivirá cualquier decreto de divorcio que pueda adjudicarse relacionado con las partes."

La estipulación proveía, con respecto a los gananciales, que al recibir el producto neto de los $5,750 que embargó en una cuenta bancaria del interventor, la peticionaria habría recibido por lo menos la mitad de los bienes gananciales del matrimonio y que ésta reconocía que no tenía más reclamaciones a cualquier otra propiedad, ganancial o privativa y que quedaba completamente satisfecha su reclamación relacionada con la división o separación de los bienes, con el producto neto de los $5,750 embargados. Dicha estipulación fue unida a la contestación de la demanda.

El 18 de diciembre de 1964 se declaró roto y disuelto el vínculo matrimonial entre las partes. Esta sentencia fue enmendada el 30 de junio de 1965. Se dispuso que la liquidación de los bienes y el incidente sobre alimentos se considerarían en un procedimiento distinto para lo cual el tribunal conservó jurisdicción.

Dicha sentencia enmendada fue archivada en autos el 8 de julio de 1965 y el día 19 de julio del mismo año, la peticionaria radicó un memorando de costas. El interventor

radicó el 25 de agosto de 1965 su oposición al memorando de costas aduciendo que éste había sido radicado tardíamente y, además, que de acuerdo a la estipulación referida la peticionaria venía obligada a pagar las costas del litigio. Antes de que el tribunal de instancia proveyera sobre este aspecto del caso, la peticionaria radicó en 14 de enero de 1966 una moción en solicitud de alimentos. El interventor radicó a su vez una moción de desestimación basándose en que a tenor con la referida estipulación la peticionaria había renunciado a la pensión alimenticia.

No fue hasta el 27 de enero de 1967, un año y días después de haberse solicitado los alimentos, que el tribunal de instancia resolvió desaprobar el memorando de costas por haberse radicado fuera de tiempo y declarar con lugar la moción de desestimación a la solicitud de alimentos porque la peticionaria había renunciado a ellos mediante la referida estipulación. La peticionaria radicó por su propio derecho una moción de reconsideración que fue declarada sin lugar el 21 de febrero de 1967.

No hay prueba en autos de que las partes adquirieran bienes de clase alguna durante su permanencia en el Estado de Nueva Jersey. Toda la prueba tiende a indicar que los bienes adquiridos por ellos durante su matrimonio lo fueron estando domiciliados en Puerto Rico. De la demanda surge, y este hecho no fue negado, que el matrimonio acumuló los siguientes bienes:

1.—Fenning Engineering, un negocio de equipo hidráulico establecido en la propiedad número 469 de la calle José de Diego, en Río Piedras.

2.—Dos automóviles Renault.

3.—Cuentas corrientes en diferentes bancos de Puerto Rico.

El tribunal de instancia concluyó que los alimentos provistos por el Art. 109 del Código Civil (31 L.P.R.A. sec. 385), son renunciables de acuerdo con lo resuelto en *Rubio Sacarello* v. *Roig*, 84 D.P.R. 344 (1962).

La peticionaria apunta que (1) incidió el tribunal sentenciador al resolver que la peticionaria, como mujer casada, podía renunciar a sus derechos como mujer divorciada; (2) al considerar la estipulación firmada por las partes cuando de su propia faz se desprende que la misma es nula; [1] y (3) al resolver que el memorando de costas se radicó tardíamente.

De entrada indicamos que *Rubio Sacarello*, supra, no es de aplicación pues en ese caso sostuvimos una transacción del derecho de la mujer divorciada a recibir una pensión alimenticia bajo el Art. 109 del Código Civil la cual se suscribió con posterioridad al divorcio cuando las partes gozaban de entera libertad para contratar entre sí. Por el contrario, en el caso que nos ocupa la estipulación sobre liquidación de la sociedad de gananciales y renuncia de pensión alimenticia presente y futura se suscribió por las partes litigantes a los nueve días de haberse radicado la demanda por la peticionaria en contra del interventor, o sea, mientras estaba pendiente, y sin resolver, la acción de divorcio.

Como los litigantes han estado domiciliados en Puerto Rico desde hace más de dos años, entendemos que aunque nacieron, uno en Nueva Jersey y el otro en el Estado de Nueva York, y contrajeron matrimonio en el Estado de Nueva Jersey, sus derechos deben determinarse de acuerdo con la ley de Puerto Rico. *Sucn. S. Shefftz* v. *Srio. de Hacienda*, 93 D.P.R. 888, 895 (1967); *Lokpez* v. *Fernández*, 61 D.P.R. 522, 531–533 (1943).

Las cláusulas de un contrato donde una mujer divorciada renuncie a una pensión alimenticia deben ser analizadas con gran detenimiento y tomadas "por sus cuatro esquinas" para poder llegar a una interpretación completa de la verdadera intención. Aunque dichas estipulaciones son

---

[1] En su alegato señala, además, como error que el tribunal consideró la estipulación en cuestión cuando dicho documento nunca fue ofrecido en evidencia. Este error fue desistido en su alegato final.

admisibles están sujetas a un escrutinio o análisis abarcador. *Kate* v. *Kate,* 48 N.W.2d 551 (Minn. 1951); *Osborne* v. *Osborne,* 197 S.W.2d 234 (Tenn. 1946); *Hopping* v. *Hopping,* 10 N.W.2d 87 (Iowa 1943); *Lazar* v. *Superior Court,* 107 P.2d 249 (Cal. 1940); *Phillips* v. *Phillips,* 97 Atl. 593 (R.I. 1916).

■ A. Concluimos que la renuncia antes del divorcio de la pensión alimenticia subsiguiente al divorcio es nula por los fundamentos que exponemos a continuación.

Como la mujer casada no puede solicitar pensión alimenticia subsiguiente a su divorcio hasta que se haya decretado éste, no puede renunciarla antes del divorcio pues no es renunciable anticipadamente un derecho como éste.

■ Dispone el Art. 109 del Código Civil (31 L.P.R.A. sec. 385), que "si la mujer que ha obtenido el divorcio no cuenta con suficientes medios para vivir, el Tribunal Superior podrá asignarle alimentos discrecionales de los ingresos, rentas, sueldos o bienes que sean de la propiedad del marido . . ." y que si la pensión alimenticia llegase a hacerse innecesaria será revocada por el tribunal que la concedió. De la propia ley se desprende que la mujer divorciada no tiene un derecho *per se* a ser alimentada. Para llegar a tener ese derecho es necesario que reúna determinadas circunstancias como por ejemplo: (1) emerger como cónyuge inocente del pleito de divorcio; (2) demostrar que no cuenta con suficientes medios para vivir; y (3) establecer que su exmarido cuenta con bienes suficientes para ayudarla. Las circunstancias como se ven, son distintas a las de los Arts. 142 y siguientes que rigen los "Alimentos entre parientes." En *Meléndez* v. *Tribunal Superior,* 77 D.P.R. 535 (1954), señalamos que los derechos que le concede el Art. 109 del Código Civil a la mujer divorciada no nacen hasta que la mujer haya obtenido el divorcio bajo las circunstancias y en la medida establecida en dicho artículo. Allí dijimos: "Este derecho de

la mujer divorciada nace una vez decretado el divorcio y no antes." Esta debe demostrar al tribunal la necesidad que tiene que se le concedan alimentos.

Apunta Castán, *Derecho Civil Español, Común y Foral*, tomo 1, vol. II, décima ed., a la pág. 83, que la validez de la renuncia requiere (1) que el renunciante sea el titular del derecho, por la fuerza del aforismo "nemo dat quod non habet". En términos parecidos se manifiesta Manresa, *Código Civil Español*, tomo 8, vol. II, a la pág. 433, al decir que los derechos futuros pueden ser objeto de contrato con ciertas y poderosas restricciones, sobre todo para aquellos convenios que envuelven la renuncia de un derecho todavía no adquirido.

■■■ Define el diccionario de la Real Academia Española el término renuncia como "dimisión o dejación voluntaria de una cosa que se posee o del derecho a ella." *Black's Law Dictionary* la define como el abandono o dejación voluntaria de un *derecho conocido*. La jurisprudencia ha ido más lejos al definirla, como la dejación o abandono voluntaria e intencional de un *derecho conocido*, o aquella conducta que justifique una inferencia de la dejación voluntaria e intencional de tal derecho conocido. Son elementos constitutivos de tal renuncia *la existencia de un derecho*, el conocimiento de tal derecho y la intención de abandonarlo. *Yates* v. *American Republics Corporation*, 163 F.2d 178, 179 (10th Cir. 1947). Para constituir una renuncia es esencial que exista un derecho, beneficio o ventaja. No constituye una renuncia válida si no se demuestra que tal derecho, beneficio o ventaja existía *al momento de constituirse la renuncia. Hosch* v. *Howe*, 16 P.2d 699, 700 (Montana 1932); *Park Avenue Methodist Episcopal Church* v. *Barrett*, 30 N.Y.S.2d 667, 670 (1941). Una persona no puede renunciar a un derecho antes de que esté en *posición de hacerlo valer. Templer* v. *Muncie Lodge, I.O.O.F.*, 97 N.E. 546, 549 (Indiana 1912).

■ De manera que en este caso, como vimos anteriormente, la peticionaria no tenía ningún derecho que renunciar ya que como se resolvió en *Meléndez,* supra, el derecho de la mujer divorciada a la pensión alimenticia que le concede el Art. 109, bajo ciertas circunstancias que deben establecerse, nace una vez que la sentencia de divorcio es firme y final y no antes.

■ Como la pensión a que tiene derecho la mujer divorciada es algo que puede cambiar con el tiempo a medida que cambian las circunstancias, los tribunales conservan su jurisdicción siempre, de manera que estos pleitos no constituyen nunca cosa juzgada. A tenor con ese principio se ha resuelto en las jurisdicciones donde se permite este tipo de contrato, que las partes son incompetentes para establecer un acuerdo definitivo, y que dicho acuerdo sirve solamente para medir el *cuantum* de la obligación *bajo las circunstancias prevalecientes en el momento en que dicho acuerdo se llevó a efecto,* pero que en forma alguna ese acuerdo o estipulación impide a la exesposa a solicitar que se le aumente la pensión alimenticia o que se le asigne una pensión alimenticia, si demuestra que las circunstancias han cambiado. *Polyckronos* v. *Polyckronos,* 8 A.2d 265, 271 (N.J. 1939). Tal acuerdo, se ha dicho, no puede evitar que los tribunales concedan la pensión alimenticia, *particularmente cuando la exesposa no recibe beneficio alguno por la renuncia o cuando el acuerdo no es justo o es irrazonable. Miner* v. *Miner,* 103 N.W.2d 4, 7 (Wisc. 1960); *Polyckronos,* supra; *Sobel* v. *Sobel,* 132 Atl. 603 (N.J. 1926).

En vista de lo expuesto, consideramos que incidió el juez de instancia al resolver que la peticionaria Eve Fenning había renunciado a su derecho de pensión alimenticia.

B. Apunta el peticionario que el tribunal de instancia incidió al resolver que ella había radicado tardíamente su memorando de costas.

■  La sentencia enmendada fue dictada en 30 de junio de 1965 y archivada en autos el 8 de julio de ese mismo año. El 19 de julio del mismo año la peticionaria radicó su memorando de costas. La Regla 44.4 de Procedimiento Civil dispone en su parte pertinente que la parte que reclame el pago de costas presentará al tribunal y notificará a la parte contraria, dentro del término de 10 días contados a partir del archivo en autos de copia de la notificación de la sentencia, una relación o memorando de todas las partidas de gastos y desembolsos necesarios incurridos durante la tramitación del pleito o procedimiento. El último día para radicar el memorando de costas vencía el 18 de julio de 1965. Pero como ese día fue domingo, la peticionaria podía, a tenor con la Regla 68.1 de las de Procedimiento Civil, radicarlo un día después o el siguiente día laborable, o sea, el 19 de julio. Es obvio, que estaba en tiempo. Aduce el interventor en su alegato, que dicho memorando no se le notificó sino hasta nueve días después de vencido el término. El récord demuestra que se notificó a tiempo. De los autos surge que el 25 de agosto de 1965 el interventor radicó una oposición al memorando de costas, casi un mes después de vencido su término para oponerse. En dicho escrito de oposición al memorando de costas silenció ese argumento y es por primera vez en este recurso que levanta esta cuestión. Carece, por lo tanto, de mérito. Concluimos que el tribunal de instancia incurrió en el tercer error apuntado.

*En vista de lo expuesto, se revocará el dictamen del Tribunal Superior, Sala de San Juan, de 27 de enero de 1967, que desestimó la solicitud de alimentos y que declaró sin lugar el memorando de costas, y se devolverá el caso para ulteriores procedimientos no inconsistentes con esta opinión.*