# 95 DTA 190

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL I, SAN JUAN
## PANEL IV

RAMON CABRERA MUÑOZ, SU ESPOSA CARIDAD M. RIVERA RIVERA Y LA SOC. LEGAL DE GANANCIALES POR AMBOS CONST.
Demandantes-Apelantes

v.

FLORIDA LUGGAGE CORP., BENTLEY'S LUGGAGE CORP., A TRAVES DE SU AGENTE RESIDENTE CHARLES SMITH, BON VOYAGE; BENTLEY'S LUGGAGE; COMP. DE SEGUROS X y JOHN DOE
Demandados-Apelados

Núm. KLAN-95-00575

San Juan, Puerto Rico, a 23 de junio de 1995

Panel integrado por su presidenta, Juez Alfonso de Cumpiano
y los Jueces Broco Oliveras y Miranda De Hostos

Miranda De Hostos, Juez Ponente

**TEXTO COMPLETO DE LA SENTENCIA**

Ante nuestra consideración se presenta un recurso de apelación de una Sentencia Sumaria Parcial final registrada según los dispone la Regla 43.5 de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III R. 43.5, emitida el día 6 de abril de 1995 por el Tribunal de Primera Instancia, Sala Superior de San Juan y notificada el 7 de abril de 1995. (Ap. I).

El día 15 de junio de 1995 mediante Resolución intimamos a la parte apelante a que mostrara causa por lo cual no se desestimara el recurso de apelación por falta de jurisdicción. Recibido el escrito y evaluado el mismo conforme los documentos que obran en autos, procedemos a desestimar el recurso de apelación por falta de jurisdicción, por los fundamentos de derecho que a continuación discutimos.

Los hechos sobre el trámite del caso en el tribunal de instancia tienen su origen mediante la presentación de la demanda por Despido Injustificado y Daños y Perjuicios por la parte apelante, el día 5 de noviembre de 1993. Luego de cumplidos los trámites sobre descubrimiento de prueba y asuntos interlocutorios la parte aquí apelada presentó el día 2 de febrero de 1995, una moción solicitando la desestimación de la causa de acción en cuanto a la reclamación por concepto de difamación mediante el procedimiento de sentencia sumaria. La parte apelante presentó su oposición a tales fines acompañada de varios documentos. El tribunal de instancia previa evaluación de los escritos presentados por las partes, emitió el día 6 de abril de 1995, Sentencia Sumaria Parcial, desestimando sumariamente la reclamación por concepto de difamación y ordenando el registro conforme la Regla 43.5, de las Reglas de Procedimiento Civil, notificándose la misma el día 7 de abril de 1995. (Ap. I). El día 25 de abril de 1995, la parte apelante le solicitó al tribunal de instancia la reconsideración de la sentencia sumaria emitida El tribunal de instancia mediante resolución del 1ro. de mayo de 1995 dispuso; *"A la solicitud de reconsideración a Sentencia Sumaria Parcial por la parte demandante [apelante], no ha lugar."* (Ap. III). Esta resolución fue notificada el día 3 de mayo de 1995.

Inconforme la parte apelante con la determinación, presentó el día 5 de junio de 1995 el recurso de apelación que está ante nuestra consideración, señalando seis (6) errores cometidos por el tribunal de instancia.

Resolvemos que tanto la moción de reconsideración en el tribunal de instancia como el recurso de apelación ante nos fue instado fuera del término jurisdiccional por lo siguiente.

## II
### Términos, cómo se computan

A los fines de aclarar cualquier duda acaecida en el caso ante nuestra consideración, es nuestro deber el aclarar conforme a derecho, la forma y manera que se lleva a cabo la computación de cualquier término prescrito por las Reglas de Procedimiento Civil.

La Regla 68.1 de las Reglas de Procedimiento Civil, dispone la manera de computar los términos. La misma establece que no se contará el día en que se realice el acto después del cual el término fijado empieza a correr. *Coop. Seguros Múltiples v. Srio. de Hacienda,* 118 D.P.R. 115, 118 (1986).

El último día del término así fijado se incluirá para el cómputo excepto que sea sábado, domingo o día de fiesta legal, de vencer uno de esos días, se extiende el plazo hasta el fin del último día que no sea sábado, domingo o día legalmente feriado, es decir hasta el próximo día laborable. *Montalvo v. Ceramic Enterprises,* 107 D.P.R. 698, 700 (1978); *Planned Credit of P.R., Inc. v. Page,* 103 D.P.R. 245, 254 (1975). Debe quedar claro que la regla antes mencionada dispone que solamente cuando el plazo prescrito sea menor de siete (7) días, los sábados, domingos o días de fiesta legal intermedios, serán excluidos del cómputo. *Fenning v. Tribunal Superior,* 96 D.P.R. 615, 624 (1968).

Contrario a lo que alega la parte apelante los términos envueltos en este trámite son mayores de siete (7) días y no les aplican estas excepciones, en cuanto a las exclusiones de días intermedios de sábados, domingos y días de fiesta legal.

Una vez definido el marco procesal legal en cuanto a la manera de computar los términos, pasemos en específico en cuanto a su aplicación en la presente controversia.

## III
### Moción de reconsideración

La Regla 47 de las Reglas de Procedimiento Civil, dispone que una parte adversamente afectada por una sentencia podrá, dentro del término de quince (15) días a partir de la fecha del archivo en autos de copia de la notificación de la sentencia, presentar una moción de reconsideración. En el caso ante nos, el archivo en autos de copia de la notificación de la sentencia se efectuó el día 7 de abril de 1995 y no es hasta el día 25 de abril de 1995, que la parte apelante presenta su moción de reconsideración en el tribunal de instancia, es decir luego de haber transcurrido dieciocho (18) días desde la notificación. El término para presentar una moción de reconsideración de una sentencia es fatal y de carácter jurisdiccional por lo cual, cuando no se presenta dentro del mismo no puede ser considerada por el tribunal. *El Mundo v. Tribunal Superior,* 92 D.P.R. 791, 801 (1965); *Soc. de Gananciales v. A.F.F.,* 108 D.P.R. 644, 646 (1979).

En el presente caso la presentación de la moción de reconsideración en el tribunal de instancia fuera del término que establece la regla, imposibilitaba su atención por parte del tribunal de instancia por falta de jurisdicción y el término para recurrir en apelación no se había interrumpido y continuaba contando a partir de la notificación de la sentencia. Por lo cual concluimos que el término para presentar la moción de reconsideración en el tribunal de instancia estaba vencido.

## IV
### Recurso de Apelación

Conforme la Ley Núm. 1 de 28 de julio de 1994, conocida como Ley de la Judicatura de

Puerto Rico, en su Art. 4.002(a) se dispone que se podrá acudir al Tribunal de Circuito de Apelaciones mediante el recurso de apelación de toda sentencia final dictada en casos originados en el Tribunal de Primera Instancia. Como parte del proceso de implantación de la reforma judicial, el Juez Presidente del Tribunal Supremo de Puerto Rico emitió la Orden I, sobre Reglas de Procedimiento Civil Transitorias, la que dispone sobre la vigencia de la Regla 53.1 de las Reglas de Procedimiento Civil en los trámites apelativos del Tribunal de Primera Instancia al Tribunal de Circuito de Apelaciones. A su vez se aprobó el Reglamento del Tribunal de Circuito de Apelaciones que en su Regla 14 dispone, sobre el modo de formalizar las apelaciones de sentencias originadas en el Tribunal de Primera Instancia.

La Regla 53.1 de las Reglas de Procedimiento Civil, establece que la apelación se formalizará al presentarse un escrito de apelación dentro del período de treinta (30) días a partir del archivo en autos de copia de la notificación de la sentencia.

En el presente caso el Tribunal de Primera Instancia emitió su sentencia el día 6 de abril de 1995 y la misma fue archivada en autos con copia de la notificación, el día 7 de abril de 1995. Conforme lo antes discutido el término de apelación no fue interrumpido porque la moción de reconsideración fue presentada en el tribunal de instancia fuera del término de quince (15) días que dispone la Regla 47, *supra*, por lo cual la resolución del tribunal de instancia declarando no ha lugar la reconsideración, fue inoficiosa por ser emitida sin jurisdicción.

El término de apelación continuó transcurriendo sin interrupción desde el 7 de abril de 1995, venciendo el domingo 7 de mayo de 1995, por lo cual se extendía hasta el próximo día laborable, el día 8 de mayo de 1995. Presentado el recurso de apelación por la parte apelante el día 5 de junio de 1995, el mismo está vencido por aproximadamente un (1) mes para su presentación, por lo cual está fuera del término jurisdiccional que establece la regla. Es norma reconocida que un tribunal de justicia no puede asumir jurisdicción donde no la hay. *Maldonado v. Pichardo,* 104 D.P.R. 778, 782 (1980). Inclusive es deber de los tribunales el ser fieles guardianes de su propia jurisdicción. *Gobernador de Puerto Rico v. Alcalde de Juncos,* 121 D.P.R. 522, 530 (1980).

Ante los hechos determinados y las conclusiones de derecho esbozadas, procedemos a desestimar el recurso de apelación por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

**ESCOLIOS 95 DTA 190**

1. En el documento presentado por la parte apelante no se puede determinar la fecha de radicación según se le requirió en la orden de mostrar causa y tomamos como cierta la fecha alegada por la parte apelante.